ACCEPTED
01-15-00228-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 3:17:31 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00440-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 3:17:31 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIRST DISTRICT COURT OF APPEALS OF TEXAS

IN RE ERNEST R. KOONCE, RELATOR

Original Proceeding From the 127th Judicial District Court of
Harris County
Cause No. 2010-64752

REPLY PETITION FOR WRIT OF MANDAM

ERNEST R. KOONCE
Pro Se
15938 Fleetwood Oaks Drive
Houston, Texas 77079
Tel: (832) 434-3183
Fax: (832) 328-7171
rayk469@gmail.com

No. 01-15-000228 and 01-15-00440

_____

IN THE FIRST COURT OF APPEALS OF TEXAS

_____


IN RE ERNEST R. KOONCE, RELATOR


_____

Original Proceeding From the 127th Judicial District Court of Harris
County, Texas
Cause No. 2010-64752

_____



REPLY PETITION FOR WRIT OF MANDAMUS

ERNEST R. KOONCE
RELATOR, Pro Se
15938 Fleetwood Oaks Drive
Houston, Texas 77079
Tel: (832) 434-3183
Fax: (832) 328-7171
rayk469@gmail.com



TO THE HONORABLE COURT OF APPEALS OF TEXAS:

Ernest R. Koonce, Relator, and those similarly situation, respectfully submit this Reply Petition for Writ of Mandamus and Brief, and would show the Court as follows:

IDENTITY OF PARTIES AND THEIR COUNSEL

Relator, Ernest R. Koonce, hereby certifies that the following are the list of parties and their respective counsel, if any, to the best of his knowledge and understanding of the rules.

PARTIES                                         COUNSEL

Relator
ERNEST R. KOONCE                                Pro Se


Respondent

HONORABLE RK SANDILL                            127thth Civil District
                                                Court of Harris County, TX
                                                201 Caroline, 10th Floor
                                                Houston, Texas 77002
                                                Court Phone Number:
                                                (713) 368-6161

Chris Daniels                                   201 Caroline
Harris County District Clerk                    Houston, Texas 77002


Real Party in Interest:

WELLS FARGO BANK, NA                            Bradley Chambers
                                                Texas Bar No. 2400186
                                                Valerie Henderson
                                                Texas Bar No. 24078655
                                                Baker, Donelson, Bearman,
                                                Caldwell & Berkowitz, P.C.
                                                1301 McKinney Street
                                                Suite 3700
                                                Houston, Texas 77010
                                                (713) 650-9700 – Telephone
                                                (713) 650-9701 – Facsimile
                                                vhenderson@bakerdonelson.com

**TERMS AND ABREVIATIONS USED WITHIN THE REPLY BRIEF**

APP.          Appendix supplied by Koonce. It specifically refers to Appendix and supporting affidavit, which is part of the Supplemental Petition for Writ of Mandamus.

CR            Clerk's Record

DT            Deed of Trust

Koonce        Ernest Ray Koonce, plaintiff/cross-defendant, and Appellant/Relator

MNT           Motion for New Trial

MSJ           Motion for Summary Judgment

PSA           Pooling and Servicing Agreement

PET.          Petition for Writ of Mandamus and Notice of Accelerated Appeal

RFP           Request for Production of Documents

RR            Reporter's record

SACC          WF Second Amended Counterclaims

SCR           Supplemental Clerk's Record

SJ            Summary Judgment

SP            Supplemental Petition for Writ of Mandamus

WF            Unless otherwise noted, Wells Fargo Bank, NA also known as Wells Fargo Bank, NA as Trustee (they are the same entity)

WFR           Wells Fargo's records filed with this court.

TABLE OF CONTENTS

**Cases**

[3]Hartley v. Coker, 843 S.W.2d 743, 747 (Tex.App.—Corpus Christi 1992, no writ). ...................................................................................................... 74

*Adams v. Consol. Underwriters,* 133 Tex. 26, 124 S.W.2d 840, 841 (1939)........ 42

*Alexander,* 226 S.W.2d at 1001 ................................................................................ 66

*Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996) ....................... 44, 61

*Austin v. Countrywide Homes Loans,* 261 S.W.3d 68 (Tex.App.Houston [1st Dist.] 2008) ................................................................................................... 81

*Bender,* 475 U.S. at 544, 106 S.Ct. 1326 ................................................................ 33

*BHP Pet. Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990) .................................. 49

*BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 840-41 (Tex. 1990)............. 51

Board Of Regents Of State Colleges v. *Roth,* 408 U.S. at 576, 92 S.Ct. 2701.... 91

*Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) 33

*Browning,* 165 S.W.3d at 346 ................................................................................. 68

Bruington Engr. V. Pedernal Energy LLC, 403 SW 3d 523, 527 (Tex.App. – San Antonio 2013) ............................................................................................... 50

*Charles Brown, L.L.P. v. Lanier Worldwide, Inc.,* 124 S.W.3d 883, 895 (Tex.App.-Houston [14th Dist.] 2004, no pet.) ................................................ 41

*Chen v. Breckenridge Estates Homeowners Ass'n, Inc.,* 227 S.W.3d 419, 421 (Tex.App.-Dallas 2007, no pet.) .................................................................... 40

*Chen,* 227 S.W.3d at 420 ......................................................................................... 41

*Cleveland v. Ward* ...................................................................................................... 68

*Cleveland v. Ward,* 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926). .......................... 68

*Color Tile, Inc. v. Ramsey,* 905 S.W.2d 620, 623 (Tex.App.-Houston [14th Dist.] 1995, no writ). .................................................................................... 50

**Commint Technical Services, Inc. v. Quickel, 314 SW 3d 646 (Tex.App. – Houston [14th District] 2010)** ................................................................. 77

***Cummins v. Paisan Constr. Co., 682 S.W.2d 235, 236 (Tex.1984) (per curiam).*** .................................................................................................... 49

*Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974) ................................................. 68

*Dillard v. Smith,* 205 S.W.2d 366, 366-67 (Tex. 1947) ......................................... 35

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 73

ED. Anderson co. v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937) ..................... 73

*Elizondo,* 974 S.W.2d at 931 ................................................................................... 33

*Enserch,* 794 S.W.2d at 4-5 ..................................................................................... 41

*Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 573, 574 (Tex. 2006) (per curiam) ........................................................................................ 35

*Flowers v. Steelcraft Corp.,* 406 S.W.2d 199, 199 (Tex. 1966); ............................. 72

*Freedom Communications, Inc. v. Coronado,* 372 S.W.3d 621, 623 (Texas 2012) .............................................................................................................. 30

*French v. Gill,* 252 S.W.3d 748, 754 (Tex. App.—Texarkana 2008, pet. denied) 65

Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986). ............................................ 72

Gary v. Kirland, 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd r.e.) .................................................................................................. 77

*Gracia v. RC Cola-7-Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984). ................ 61

*Graham,* 473 U.S. at 165-66, 105 S.Ct. 3099 ................................................................ 34

*Graham,* 473 U.S. at 166, 105 S.Ct. 3099 .................................................................... 34

*Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). ...................... 49

*Hazel-Atlas,* 322 U. S., at 245 ...................................................................................... 66

*Holy Cross Church of God in Christ,* 44 S.W.3d at 568 .................................................. 65

Houston First American Sav. v. Musick, 650 S.W.2d 764, 769 (Tex. 1983). ....... 64

Houston Independent School Dist. v. Morris, 355 SW 3d 668, 678, (Tex.App. – Houston [1st Dist.] 2011) ........................................................................................ 50

In Hartley v. Coker, 843 SW 2d 743 (Tex.App. Corpus Christi 1992) ................... 74

*In re C.S.,* 208 S.W.3d 77, 81 (Tex.App.-Fort Worth 2006, pet. denied) .............. 30

In Re Carrsow-Franklin 324 BR 33, Bankr. Court, South Dist. New York, **January 29, 2015** ................................................................................................... 16

In Re Carrsow-Franklin, 324 BR 33, Bankr. Court, South Dist. New York, January 29, 2015 ...................................................................................................... 15

In Re Carrsow-Franklin, 524 BR 33, 47 (Bankr. Court, SD New York, 2015 .... 28

*In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir. 1999)) .......................................... 65

In Re Columbia Medical Center, 290 S.W.3d. 204, fn.3 (Tex.2009) ...................... 59

In Re Galveston Central Appraisal District, 252 S.W. 3d 904, 909 (Tex.App. – Houston [14th Dist.] 2008) ................................................................................... 30

*In re Greater Houston Orthopaedic Specialists,* 295 S.W.3d 323, 324 (Tex.2009). .................................................................................................................................. 50

*In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d 323, 324-25 (Tex. 2009) .................................................................................................................. 51

*In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d 323, 325 (Tex.2009) .................................................................................................................. 50

IN RE GREATER HOUSTON ORTHOPAEDIC, 295 SW 3d 323, (Tex 2009) ........ 38

In Re Greater Houston Orthopeadic, 295 SW3d 323, 324-325 (Texas 2009) ............................. 49

*In re Saldivar*, No. 11-10689, 2013 WL 2452699 (Bankr. S.D. Tex. June 5, 2013) ............................................................................................................... 80, 83

In Re Shamblin, No. 01-10-00961-CV, First District Court of appeals, February 16, 2012 ..................................................................................................................... 47

*In re Sims,* 88 S.W.3d 297, 303 (Tex.App.-San Antonio 2002, orig. proceeding). .................................................................................................................................. 69

Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc., 664 S.W.2d 756, 765 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.) ...................... 63

*Jackson v. Stinnett,* 881 S.W.2d 498, 500 (Tex.App.-El Paso 1994, no writ) ...... 34

*Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983) ...................................... 58

*Jernigan v. Bank One, Tex., N.A.,* 803 S.W.2d 774, 776 (Tex.App.-Houston [14th Dist.] 1991, no writ) ............................................................................................... 87

*Jernigan,* 803 S.W.2d at 776 ......................................................................................... 87

*Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ......................................................................................................................... 33

*King Ranch,* 118 S.W.3d at 752 ................................................................................... 66

Leavings v. Mills ............................................................................................. 85

*Leavings v. Mills,* 175 S.W.3d 301 (Tex.App.Houston [1st Dist.] 2004, no pet.) 81

*Martin v. New Century Mortgage Co.,* 377 S.W.3d 79 (Tex.App.-Houston [1st Dist.] 2012)......................................................................................................... 81

*MCI Sales & Serv., Inc. v. Hinton,* 329 S.W.3d 475, 497 n. 21 (Tex.2010) ........... 30

*Miller v. Homecomings Fin., LLC,* 881 F.Supp. 2d 825, 831 (S.D. Tex. 2012 80, 86

*Miller v. Homecomings Fin., LLC,* 881 F.Supp. 2d 825, 831 (S.D. Tex. 2012) 80, 86

Miller, ....................................................................................................................... 81

Miller, supra @832 ................................................................................................. 81

*Millet v. JP Morgan Chase, N.A.,* 2012 WL 1029497, *4 (W.D.Tex. Mar. 26, 2012) ................................................................................................................................... 81

*Mutual Sav. & Loan Ass'n v. Earnest,* 582 S.W.2d 534, 535 (Tex.Civ.App.— Texarkana 1979, no writ). ................................................................................... 68

*National Ins. Co. v. Tidewater Co.,* 337 U. S. 582, 646 (Frankfurter, J., dissenting) ............................................................................................................ 91

National Savings Insurance Co. v Gaskins, 572 S.W.2d 573 (Tex. App. – Ft. Worth 1978 ............................................................................................................. 62

*Norwood v. Chase Home Finance LLC,* 2011 WL 197874 (W.D.Tex. Jan. 19, 2011) ....................................................................................................................... 81

*Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.,* 878 S.W.2d 598, 600 (Tex.1994) (per curiam) ...................................................................................... 30

*Perry v. Del Rio,* 66 S.W.3d 239, 252 (Tex.2001) .............................................. 69

*Pierson,* 959 S.W.2d at 347 ................................................................................. 41

PNS Stores v. Rivera, 379 S.W. 3d 267 (Tex. 2012). ........................................ 68

Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 630 (1958) ................................ 74

*Reinagel v. Deutsche Bank Nat'l Trust Co,* 735 F.3d 220 (5th Cir. 2013)............ 82

*Rocha,* 52 S.W.3d at 403 ....................................................................................... 34

*S. County Mut. Ins. Co. v. Ochoa,* 19 S.W.3d 452, 468 (Tex. App.-Corpus Christi 2000, no pet.) (op. on reh'g). ............................................................................ 72

*S. County Mut. Ins. Co.,* 19 S.W.3d at 469. ....................................................... 72

See Houston First American Sav. v. Musick, 650 S.W.2d 764, 769 (Tex. 1983). ................................................................................................................................... 64

Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex. 1990) ............... 22

*Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701, 702 (Tex.App.- Fort Worth 2001, no pet.)................................................................................... 41

*Shepard v. Boone,* 99 S.W.3d 263 (Tex.App.-Eastland 2003) ............................. 81

*Siller v. LPP Mortg., Ltd.,* No. 04–11– 00496–CV, 2013 WL 1484506, at *3 (Tex. App.—San Antonio April 10, 2013, pet. denied) (mem. op.) ............................... 64

*SMS Fin.,* 167 F.3d at 238......................................................................................... 87

*SMS Financial,* 167 F.3d at 238;............................................................................... 87

Sutherland v. Spencer, 376 SW 3d 752, fn1, (Texas 2012)..................................... 37

Tex.Property Code, Section 51.002 ......................................................................... 21

Texas Property Code, Section 51.002................................................................... 21, 22

*Todman,* 361 F.2d at 746 ......................................................................................... 33

*Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862-63 (Tex. 2010)..................... 51

*Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862-863 (Texas 2010 ................. 61

*Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex.2010)..............................68
*Trigg v. Moore,* 335 S.W.3d at 245 n.1...............................................47
*Tschirhart v. Tschirhart,* 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ)30
*U.S. Bank Nat'l Ass'n v. Ibanez,* 458 Mass. 637, 941 N.E.2d 40, 53 (2011)........81
*United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir. 1993)) .........................64
Univ. of Tex. Med. Branch at Galveston v. Blackmon, 195 S.W.3d 98, 100 (Tex. 2006) ........................................................................22
*Universal Oil, supra,* at 580 ........................................................66
*V.D. Anderson Co. v. Young,* 128 Tex. 631, 636, 101 S.W.2d 798, 800 (1937) .. 68
*Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex.2010)...................58
*Walker,* 827 S.W.2d at 837 ........................................................31
*Wells Fargo Bank, N.A. v. Farmer,* 19 Misc. 3d 1141(A) (N.Y. Sup.Ct. 2008......82
Wells Fargo Bank, NA v. Erobobo, 2013 NY Slip Op 50675 (N.Y. Supreme 2013) ........................................................................82
*WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 459 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) .........................................30
*Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 246 (Tex.1988) .....................78
*Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex.1988) .....................77
*Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988) .....................69
Wyatt v. Shaw Plumbing, 760 S.W.2d 245, 248 (Texas 1988).........................68
*Wyatt,*..............................................................................78
*Wyatt,* 760 S.W.2d at 246-47 ......................................................70
Wyatt, 760 S.W.2d at 248..........................................................74

**Statutes**
EPTL §7-2.4........................................................................82
TEX. BUS. & COMM.CODE ANN. § 3.201(a);..............................................86
TEX. Bus. & COMM.CODE ANN. § 3.201(b);..............................................87
Tex.Property Code, Section 51.002.................................................21
Texas Property Code Chapter 51 .............................................. 10, 21
U.C.C. cmt. 1, TEX. BUS. & COMM.CODE ANN. § 3.201 (Vernon 2004)..................86
**WF has a broken chain of title and chain of endorsements, the Allonge was not attached to the note as required by Texas law.**...............86

**Other Authorities**
**2. The Nonsuit was final and required no signed order by the judge, and WF had 30 days from the dated filed to appeal.**.........................52
**3. Court's Exercise of it's Plenary Powers** ......................................49
**4. Defect in WF Motion for New Trial:** ...........................................55
**A. STATEMENT OF UNDISPUTED FACTS**.................................................18
**AUGUST 12, 2012 HEARING:**........................................................49
**B. Intentional and Selective Omission of Facts and Procedures by Wells Fargo and its attorney**............................................21
**C. JUDICIAL NOTICE ARGUMENTS MADE BY WELLS FARGO** ................................25
**Court's Exercise of it's Plenary Powers** .........................................49
**DUE PROCESS CLAIMS:**.............................................................90

**F.  FIRST LAWSUIT WF SOUGHT AND OBJECT AN MSJ GIVING IT THE RIGHT TO FORECLOSE**........................................................................... 60

IDENTITY OF PARTIES AND THEIR COUNSEL............................................ 3

**Koonce has standing to assert the assignments are void:**................. 80

Misnomer:.................................................................................................... 38

OBJECTION .............................................................................................. 10

**Res Judicata cannot be enforced when it's procured through means of fraud.** ................................................................................................... 62

**TERMS AND ABREVIATIONS USED WITHIN THE REPLY BRIEF** ...................... 4

**Tex. Civ. Prac. & Rem. Code § 16.064(a) does not apply.**...................... 88

**Wells Fargo Judicially Admitted that only WF Bank was sued in the second lawsuit, the one before this court:**....................................... 45

**WELLS FARGO'S OBJECTIONS** ................................................................. 13

**WF ADMITTED KOONCES CASE IN CONTRAVERSY WAS DIMISSED IN ITS ENTIRETY AT THE 8/12/12 HEARING:** ................................................. 47

**WF Bank, NA and WF Bank, NA  as Trustee are the same entity:** ......... 32

**WF Claims That Koonce Specifically Named Wf Trust As A Separate Defendant Is Without Merit, And Barred By The Doctrine Of Res Judicata And/Or Collateral Estoppel.** .................................................... 42

**WF Cross-complaint was untimely:**....................................................... 46

**WF  HAS  NO  JUDICIABLE  INTEREST,  DOES  NOT  HAVE  STANDING, DOESN'T OWN THE NOTE**....................................................................... 87

**WF Motion for New Trial was based upon new evidence.** .................... 56

**WF Plea in Abatement:** ........................................................................... 71

**Rules**

Rule of Civil Procedure 97(a) .................................................................... 78

See Tex.R. Civ. P. 97(a) ............................................................................. 76

T. R. App. P. 52.7(a)(1) .............................................................................. 15

Tex. R. Evid. 201(d) ................................................................................... 27

TEX.R. CIV. P. 162................................................................................ 49, 50

TEX.R. CIV. P. 320 ..................................................................................... 55

TEX.R. EVID. 201(b) .................................................................................. 29

TEX.R. EVID. 201(d) .................................................................................. 30

Texas Rule of Evidence 201(d) .................................................................. 26

## OBJECTION

Relator objection to WF's summary of argument and prejudicial statements solely designed to prejudice the Court against Relator when it claims that Relator "continues to live in his house for free". That statement is irrelevant to the case at hand, and said merely to prejudice the Court against Relator. Relator moves to strike that statement and all other prejudicial statements that have nothing to do with this Mandamus proceeding. If anyone is trying to get a house for free, it's WF.

Objection is further made to WF's statement that it has had to defend itself against various lawsuits by Relator simply because Relator "does like the end result." This statement is a complete falsehood. WF's failure to comply with proper notice requirements, failure to follow state law non-juridical foreclosure procedures set forth in Texas Property Code Chapter 51, is the reason for each of the lawsuits. It was WF's doing that prompted the need to seek judicial address and injunction because they failed to give 30 days notice to cure as required by the Deed of Trust (20 days per 51.002 of the Texas Property Code), gave notice of acceleration one (1) day

after it sent notice to cure, and they are not the owner and holder of Koonce's note and deed of trust. It's WF's conduct that lead to the multiplicity of the state court proceeding. It is WF that has filed multiple lawsuits, including, but not limited to twice attempting to remove state court proceedings to federal court, only to fail and have the cases remanded. One was dismissed (second lawsuit), and the other removal was untimely and no federal issue before the court; and it currently has another lawsuit pending in Federal Court regarding this matter. WF is the one that has allegedly had two pending cases (second and third lawsuit), and recently filed a federal proceeding for the purpose of harassing Relator. The fact is this case does not support a C.P.R.C. Section 16.064(a) suspension of the statute of limitations.

WF, in 8 years, has not established standing, has falsified documents in order to obtain summary judgments in its favor, has a written policy instructing its staff and attorneys to create fraudulent documents for the sole purpose of foreclosing, and specifically under oath told this Court and the trial court that it had accelerated the note and deed of trust, and this Court found that it had done so. Now it claims the note and deed of trust were not

11

accelerated, contrary to well established law of judicial admissions and judicial barring of claims when a party says one thing in one lawsuit, and claims something opposite in a subsequent lawsuit. WF has also identified Wells Fargo Bank, NA as the owner and holder of Relator's mortgage per its November 15, 2006 and April 17, 2006 notice to cure. See Petition Appendix 4 (Exhibit "D") and 15 respectively and WFR 27, Exhibit "E". Both appendices are WF's own documents and clearly reference the owner and holder of Relator's note as Wells Fargo Bank, NA., not the trust. WF introduced the November 15, 2006 notice to cure and notice of acceleration as Ex. "E", WFR 27.

Koonce further objects and moves to strike WF's documents 175-232, which were not considered by the trial court, as admitted by WF and its attorney. See Bobbi Stratton's affidavit in support of WFR. Furthermore, Koonce objects and moves to strike WF records as not being properly authenticated, and selectively omitting the entire summary judgment motion on the 4-year statute of limitations. Wells Fargo only provided a copy of a Reply to WF's response to create a false record, and thus, the entire motion is not before the court and the record is inadequate, and therefore must

be struck. Texas Rules of Appellate Procedure require the Relator to provide a certified or sworn copy of every document that is material to the Relator's claim and that was filed in any underlying proceeding as the record for this Court's consideration in an original proceeding. *See* Tex. R. App. P. 52.7(a)(1). WF includes additional documents not filed in the underlying proceeding. The trial court could not consider documents never provided to it. *See e.g., In re Galveston Cent. Appraisal Dist.*, 252 S.W.3d 904, 909 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (finding a trial court did not abuse its discretion when failing to issue a different discovery order when the documents complained about were never reviewed by the trial court.) As such, this Court cannot consider those documents.

## A. WELLS FARGO'S OBJECTIONS:

WF objected to Pet.App. 15, 16 and 17. First, Appendix 15, April 17, 2006 and August 18, 2006 Notice to Cure, are consistent with the notice of acceleration dated November 15, 2006, Exhibit "D" to WF MSJ in the first lawsuit, and demonstrate that WF Bank, N.A. has claimed to be the owner and holder of the Note and Deed

of Trust, as well as WF Bank, NA as Trustee, proving these are the same entity. Koonce Requests this Court to take Judicial Notice of these two letters, Pet. App.15, and its content.

Moreover, WF introduced the November 15, 2006 notice of acceleration in its MSJ in the first case as Exhibit "D", and again in its SACC (WFR20) as Exhibit "E" (WFR 27). Those exhibits clearly show WF Bank, NA as the owner and holder of Koonce's note and deed of trust. What's more, WF introduced the new assignments dated February 17, 2005 as Exhibit "D" to its SACC (WFR 27), which is contrary to the March 27, 2009 assignments introduced in the first lawsuit and appeal. WF introduced it and it's already part of this Court's record in the first appeal. Therefore, the objection is without merit and should be overruled by this Court.

Pet.App.15, was not available and not known until after the hearing. The SP cured any defects in submitting this document to the court. It's a true and correct copy of the original sworn to by Koonce, it's a matter of public record, and WF has refused to produce it pursuant to legitimate discovery request (and wants this court to reward them for refusing to provide it). Furthermore, there are specific references to the manual set forth in SP, and once

14

again, Koonce requests that this Court take judicial notice of the manual as previously described in the Pet., SP. and below.

App.17 is a true and correct copy of Mr. Kennerty's deposition. Any defect was likewise cured in the SP, and it's Appendix. Koonce requests that this court take judicial notice of the deposition as previously described in the Pet., SP. below and in In Re Carrsow-Franklin, 324 BR 33, Bankr. Court, South Dist. New York, January 29, 2015.

WF objected to Koonce's documents attached in his appendix stating it violated the Rules because they were not sworn to copies (in his supplemental Petition, Koonce refiles these documents and swears to them making such argument moot.). WF complains that Appendix 3, the PSA, is not the same one as filed in the trial court. The copy filed with this Court is a certified copy of the PSA, and is the same version/document filed in the trial court. The only difference is the one in the trial court is not certified because the certified copy had not yet arrived. The only copy available was provided to the trial court. No harm is done by submitting a certified copy that complies with T. R. App. P. 52.7(a)(1). The certified document was not available at the time of filing, and WF has

refused for the past 9 years to provide a copy of the PSA and the trial court has continued to refuse to compel WF to produce it. WF did not object to the document in the trial court below, as far as Koonce is aware. Since the copy is certified, it makes WF's objection meritless and moot.

WF objections to Appendix 16 and 17, respectively, should be overruled. Koonce requested WF to produce a copy "of all documents, the policies and procedures of Wells Fargo relating to default documents, assignments, and endorsements on notes…" to which WF objected claiming it was overly broad, burdensome and oppressive, and it was proprietary information. See Appendix "19", RFP 18. WF cannot now complain about it when it made a frivolous objection and refuses to produce a single document. See appendix "19". Attached hereto and incorporated herein by reference is a true and correct copy of WF responses to Koonce's' RFP.

Moreover, this information was not known until after the hearing and just before this Appeal/Petition was filed. Koonce only became aware of the actual manual and the deposition when he stumbled upon the case of In Re Carrsow-Franklin 324 BR 33, Bankr. Court, South Dist. New York, **January 29, 2015**.

WF is asking this Court to ignore its manual and its own documents. It doesn't dispute that they are true and correct copies. Rather, it claims it wasn't before the trial court, but omits the fact that it refused to produce it pursuant to a valid RFP. Appendix "16" is a true and correct copy of Wells Fargo's attorney Foreclosure Manual. This Court should note in appendix "16" at pages 2-3 (Foreclosure Special Team Responsibilities – includes document preparation and execution and to "provide attorney with any necessary document and **execute any necessary document**"), 14 (Default Documents), 20 (Assignments), 21, 22, 23 preparation of assignments, which clearly demonstrate that Wells Fargo routinely makes up assignments in order to create documents allowing it to foreclose. The entire manual is an elaborate scheme for how to produce missing documents to foreclose on homeowners, which is consistent with Wells Fargo's documents in this case. Page 28 deals specifically with Executable Documents includes assignments and states, "remove all social security numbers, loan numbers...**prior to submitting the documents to Wells Fargo for execution**." Page 32 talks about the Executable team and the "Non-MERs" must have executed assignments, and properly executed documents must be

obtained. Page 36 "Executable Documents Delay Tracking" talks specifically about Motions for Summary Judgments and executable documents necessary to obtain an order. Page 146 and 147 again talks about executing documents and fees for preparation of those documents prior to foreclosure or MSJ. Relator has alleged since 2006 that WF is not the owner and holder of his note, that its documents are fraudulent. The Court should take note of this manual. The manual, in conjunction with the two different sets of assignments, supports Koonce's position since the first lawsuit that the assignments are fraudulent, and further establishes a fraud upon the trial court and this Court by WF and its numerous attorneys. Koonce has never changed his position that the assignments were made up and are fraudulent, but WF changes its position like the wind. The Court cannot ignore a fraud upon it. Fraud upon the Court makes the judicial system suspect and untrustworthy.

## B. STATEMENT OF UNDISPUTED FACTS:

First lawsuit:  On May 17, 2007, Relator filed his first lawsuit against Wells Fargo Bank, NA in the 127th Judicial District Court of

18

Harris County, Texas, Cause No. 2007-30212. A summary judgment was granted in favor of Wells Fargo on acceleration of the note, right to foreclose and that it was the owner and holder of Koonce's note. That case was appealed to this Court under Case No. 01-10-000194-CV, and this Court affirmed, and specifically found the *note had been accelerated by Wells Fargo*[1].

Second lawsuit: On October 1, 2010, Relator filed his second lawsuit ("Second Lawsuit"), wherein he sued numerous defendants, including Wells Fargo Bank, N.A. ***It is a disputed fact and falsehood that Appellate sued Wells Fargo, as Trustee***. It is proceedings from the Second Lawsuit that form the basis of this Mandamus Petition/Accelerated Appeal. Relator nonsuited the entire case on November 17, 2011, and Wells Fargo filed a cross-complaint four (4) days later on November 21, 2011 during the pendency of the third lawsuit.

---

[1] The court question Ms. Orrison's personal knowledge of accelerating the note and deed of trust, but did not strike that provision of the affidavit finding it harmless. As such, it upheld the affidavit in its entirety. Furthermore, the underlying proceeding in that case was seeking the right to foreclose. Since the court granted summary judgment giving WF the right to foreclose, and this court affirms, WF cannot file another lawsuit seeking the same request when no new default took place. The right to foreclose was adjudicated in the first lawsuit although Koonce continues to dispute that right for the various reasons set forth in Koonce's documents, Petitions on file with this Court.

On or about October 1, 2014, in the second suit, Relator finally filed a plea to the jurisdiction to confirm the case was nonsuited 3 years earlier, which the trial Court granted and signed an order on December 17, 2014 granting the plea. See Appendix "20", which is a true and correct copy of the original Order. On January 5, 2015, Wells Fargo filed a motion for new trial and motion for reconsideration (WFR 100), which the court granted (WRF 173).

Third Lawsuit: On December 6, 2010, Relator filed another case in the 295th Judicial District Court of Harris County, Texas, Cause No. 2010-79323 ("third lawsuit"). In this suit, WF filed a plea in abatement challenging the court's jurisdiction, claiming the second case was dominant. The trial court denied WF's motion finding the second case had already been dismissed in its entirety.

Wells Fargo pursued the third lawsuit, filed and obtained a summary judgment in its favor (WFR100, Ex. "G"), the case was dismissed and Wells Fargo never filed an appeal challenging the court's jurisdiction.

Current Federal Proceeding:  On January 14, 2015, Wells Fargo filed its federal proceeding against Relator, Civil Action No. 4:15-CV-110, claiming that Civil Practice and Remedies code Section 16.064(a) suspended the statute of limitations. (WFR 213)

## C. INTENTIONAL AND SELECTIVE OMISSION OF FACTS AND PROCEDURES BY WELLS FARGO AND ITS ATTORNEY

On September 13, 2010, WF sent a notice to cure and another notice of intent to accelerate. The very next day on September 14, 2010, Wells Fargo sent a notice of acceleration. This was the basis of the second lawsuit and request for injunctive relief. Koonce objects to WF's intentional misstatement of facts and falsehood. WF's failure to follow Texas Property Code Chapter 51, et seq. for non-judicial foreclosure proceedings, which requires at bare minimum at least 20 days notice to cure[2] before the note and deed of trust can be accelerated. In this case, the Deed of Trust requires not less than 30 days notice to cure.[3]  As a result of Wells Fargo's failure to comply with the Deed of Trust and the Texas Property Code, Section 51.002, Relator filed suit in the 127th Judicial District Court of Harris County, Texas, Cause No. 2010-64752 ("second

---

[2] Tex.Property Code, Section 51.002.
[3] Plaintiff's Exhibit "B", Paragraph 22.

lawsuit"). That case was never served, and it was nonsuited[4] on November 17, 2011. While pursuing the third lawsuit in Judge Baker's court, WF **intentionally** filed an untimely cross-complaint on November 21, 2011, four (4) days too late. This case was also removed to federal Court for the Southern District of Texas and then remanded by Judge Werlein, Case No. H-11-cv-4521, on May 18, 2012. After the case was dismissed, Wells Fargo continued to file into the second lawsuit while prosecuting the third lawsuit. At one point in August of 2012, Wells Fargo attempted to consolidate this case (second lawsuit) with the third lawsuit in the 295th Judicial District Court of Harris County, Texas, but failed. See below.

Third lawsuit:  On December 6, 2010, Relator filed another case in the 295th Judicial District Court of Harris County, Texas, Cause No. 2010-79323 ("third lawsuit"). The suit was once again filed to stop a foreclosure proceeding due to WF's flagrant disregard for the Texas Property Code, Section 51.002, which must be strictly

---

[4] A motion for nonsuit extinguishes a case or controversy from "the **moment the motion is filed**'"; the only requirement is the mere filing of the motion with the clerk of the Court.'" Univ. of Tex. Med. Branch at Galveston v. Blackmon, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)(quoting Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex. 1990)).

followed. WF never filed a cross-complaint in this lawsuit, in fact, its request was denied by Judge Baker. Thereafter, WF filed the untimely cross-complaint in this second lawsuit. RR 8/12/2012 hearing, P. 5, L. 7-17[5]. On December 5, 2011, well within the thirty days court's plenary power after the nonsuit was filed, ***Wells Fargo filed a plea in abatement claiming the second lawsuit was dominate over the third lawsuit, and stating the second case had been dismissed, and admitted it filed an untimely cross-complaint in the second lawsuit***. However, ***that motion was denied because the clerk's website clearly stated that the two prior lawsuits were disposed of (Final) as a result of the nonsuit and MSJ, and the trial court, Judge Baker agreed the second lawsuit had been dismissed in its entirety***. ***<u>Wells Fargo never appealed that decision, nor filed a writ of Mandamus</u>***. This case was likewise removed to federal Court for the Southern District of Texas, Case No.H-12-cv-01068, on April 9, 2012, and

---

[5] Mr. Chambers claimed he wasn't forum shopping, but he was. After Baker denied him his right to file a counterclaim, he untimely filed the cross-action 4 days too late. Mr. Chambers could have filed a Writ of Mandamus with the COA, or filed an appeal, but elected not to do so. He could have simply have a non-judicial foreclosure, but refused to do so. He could have filed a separate lawsuit and consolidated the case in Baker's court, but he chose not to do so. Instead, he later changes his arguments and now claims WF and WF trust are separate entities, although WF Bank, NA has claimed to be the owner and holder of the note, WF is now claiming it's the Trust. WF further claims that the trust was a party to the second lawsuit, however, under the paragraph "Introduction, Koonce clearly names WF Bank, NA as the defendant and not the trust. Stating WF Trust in the rendition of facts is not the same as suing them.

remanded on June 1, 2012, by Judge Gilmore. Wells Fargo pursued the third state court lawsuit to summary judgment, and obtained an order granting their motion for summary judgment. The case was fully litigated. Wells Fargo never filed an appeal, or a Writ of Mandamus challenging the court's dominant jurisdiction.

Also selectively omitted is ***any explanation as to the two different assignments***, which Wells Fargo's claims are irrelevant. Having assignments dated March 23, 2009, sworn to as true and correct copies, attached to a MSJ in the first case, a MSJ granted based upon those assignments, and this Court confirming the MSJ and finding the note and deed of trust were accelerated are directly relevant especially in light of two new assignments dated February 17, 2005 in the federal proceeding; and further, the March 23, 2009 assignments are consistent with Wells Fargo's Foreclosure Procedure Manual (Appendix 16) in which it instructs its counsel and executable team/ foreclosure team to create any document necessary to allow a foreclosure. See Wells Fargo Attorney Foreclosure Manual, pages 2, 3 (Foreclosures specialty teams responsibilities – 2nd to last paragraph states: "provide attorney with and execute ***any necessary document***."; pages 14 (default

24

documents), 20 (Assignments) 21, 22, 23 (Prepare assignments and image executed unrecorded assignment), 28 (Executables), 32 (Executable team – "All Non-MERS – account must have executed assignment. Properly executed documents **must be obtained")**, 36 (Executable documents, including those for motion for summary judgment), 147 (Blanket fee approval "Draft Assignment fees."). This manual is directly relevant because it sets forth an elaborate scheme by Wells Fargo to create documents and present fraudulent documents for the sole purpose of foreclosing, which is exactly what happened in this case.

### D. JUDICIAL NOTICE ARGUMENTS MADE BY WELLS FARGO

Judicial Notice is often divided into three categories: adjudication of a fact, legislative facts, and law. Wells Fargo falsely claims that Koonce asked this Court to take Judicial Notice of the entire lawsuits in various cases. In reality, Koonce asked this Court to take Judicial notice of the fact that various cases were filed, and specifically asked the Court to take judicial notice of WF MSJ in both the 1st and 2nd lawsuits, judicial notice of documents attached to the summary judgments, including the assignments, the assignments attached to WF current federal complaint, WF

foreclosure claims manual, the Deposition of Kennerty, the two different sets of assignments, and this Court's prior ruling in the first lawsuit and the documents upon which it rendered it's deicision, i.e., Jill Orrison's affidavit that the note and deed of trust were accelerated and the two assignments dated March 23, 2009 (App.4/Pet. P.12). Under the heading of Request for Judicial Notice on Pet. Page 11, P.1, specifically asks the court to take judicial notice of the MSJ in the first lawsuit and first appeal, its exhibits and references Appendix 4 (the MSJ), which is a true and correct copy of the summary judgment filed by Wells Fargo for which this very Court relied upon in upholding the trial court's granting of the MSJ in favor of WF in the prior appeal[6]. That reference is specific, and asking the Court to take judicial notice of the documents on file in its own Court from the prior lawsuit is likewise specific as it relates to the MSJ and its exhibits. Also, asking the Court to take judicial notice of its prior opinion is likewise specific, contrary to WF's falsehood. Texas Rule of Evidence 201(d) **makes mandatory** a

---

[6] This is an adjudicated fact, which is defined as "those to which the law is applied in a process of adjudications." See O'Quinn v. Hall, 77 S.W.3d 438, 447 (Tex.App. – Corpus Christi 2002, po pet.)(quoting Hill v. Heritage Res., Inc., 964 S.W.2d 89, 137 (Tex.App. – El Paso 1997, pet. denied).

court's taking of judicial notice if requested by a party and supplied with the necessary information. *See* Tex. R. Evid. 201(d).

13. Asking the Court to take Judicial Notice of the Plea in Abatement (App. 11 and 12) in the third lawsuit and it's denial by Judge Baker of the 295th Judicial District Court is specific (App.13), and the MSJ that was rendered in that case in favor of WF. This goes to support Relator's claims that the second lawsuit was dismissed in its entirety, WF waived its jurisdictional claim that the second lawsuit was dominant, which Wells Fargo abandoned. WF doesn't even address that issue in its response. It further goes to support Relator's claim that WF had compulsory claims which should have been filed in the third lawsuit. See Pet. page 12, paragraph 3.

Asking this Court to take judicial notice of the fact that WF filed a frivolous lawsuit in Federal Court on January 21, 2015 is specific. In that case, Relator specifically asked the Court to take judicial notice of the assignments with the new date of February 17, 2005. All of these documents demonstrate fraudulent documents filed in various lawsuits, inconsistent positions in each lawsuit, and the fact that Wells Fargo committed a fraud upon this very Court.

Taking these two different sets of assignments, with two different assignment dates, along with Wells Fargo's Attorney Foreclosure Manual, and the Deposition of Mr. Kennerty, all support suspicious fraudulent documents created by Wells Fargo whenever it sees a need. See also In Re Carrsow-Franklin, 524 BR 33, 47 (Bankr. Court, SD New York, 2015, in which the court specifically found that Mr. Kennerty testified to manufactured mortgages on behalf of Wells Fargo, and the manual gives a guideline on how to manufacture assignments, etc. App.16, and is confirmed by Mr. Kennerty. App.17. Wells Fargo does not dispute the authenticity of the deposition or the Manual in question, but rather states that the Court shouldn't take judicial notice because it's not specific enough and completely ignores all references throughout the Petition to the specific documents in those lawsuits. In Re Carrso-Frank, supra, likewise points out specific provisions in Mr. Kennerty's testimony, and his entire testimony is relevant to this case.

Asking this Court to ignore this evidence, claiming that it should not take judicial notice because Wells Fargo wants to pretend the notice lacks specificity, is erroneous and consistent with Wells Fargo's fraud and intentional misstatements of facts,

and falsification of evidence, which cannot be ignored. Such as position is blatantly unfair and ratifies perjury and fraud upon the court, violates public trust that the judicial system is fair and objective. Texas Disciplinary Rules of Professional Conduct 1.02(c), which states in pertinent part, "A lawyer shall not assist or counsel a client to engage in conduct the lawyer knows is criminal or fraudulent." It is well established that an attorney cannot suborn perjury as it did in this case, the first lawsuit and the current federal lawsuit. TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03 (requiring candor toward tribunal); TEX. LAWYER'S CREED: A MANDATE FOR PROFESSIONALISM IV(6) ("I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage."). See Michiana Easy Livin' Country v. Holten, 168 SW 3d, 777, fn 22, (Texas 2005).

**An appellate court may take judicial notice of a relevant fact** that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) **capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned**." TEX.R. EVID. 201(b); *see Freedom Communications, Inc. v. Coronado,* 372 S.W.3d 621, 623 (Texas

2012), citing *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.,* 878 S.W.2d 598, 600 (Tex.1994) (per curiam). **Judicial notice of such a fact is mandatory if a party requests it** and **supplies "the necessary information**." TEX.R. EVID. 201(d). **Under this standard, a court will take judicial notice of another court's records if a party provides proof of the records**. *See, e.g., MCI Sales & Serv., Inc. v. Hinton,* 329 S.W.3d 475, 497 n. 21 (Tex.2010); *WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 459 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). *Tschirhart v. Tschirhart,* 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ); *cf. In re C.S.,* 208 S.W.3d 77, 81 (Tex.App.-Fort Worth 2006, pet. denied) ("It is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing."). Relator not only referenced the documents, but provided copies of them in his Appendix.

WF's reliance on In Re Galveston Central Appraisal District, 252 S.W. 3d 904, 909 (Tex.App. – Houston [14th Dist.] 2008) as authority is completely misplaced. WF omitted important language

to give the impression of an entirely different meaning. Specifically,

In Re Galveston was a mandamus proceeding involving discovery

and valuation of property. That is not the case here. **The actual**

**quote is:**

> "GCAD further contends the trial court abused its discretion by granting Valero's motion to quash GCAD's subpoena and notice to take Morgan Stanley's deposition by written questions. GCAD argues the Morgan Stanley documents involve the valuation of assets, including Valero's Texas City refinery, and are relevant to the central issue here—the fair market value of the refinery— and would lead to the discovery of admissible evidence. The Morgan Stanley documents were not tendered to the trial court for its inspection **and are not part of the record in this original proceeding**. **We cannot say the trial court abused its discretion in granting Valero's motion to quash** when those documents were not before the trial court **or before this court.** *See Walker,* 827 S.W.2d at 837 (stating that the relator has the burden of providing the appellate court with a sufficient record to establish its right to mandamus relief)." (emphasis added)

This is a far cry from the facts in this case in which Koonce

provided copies of the records, and sworn copies of the documents,

WF's refusal to produce the records in discovery, and WF

intentionally omitting that portion of the quote "or before this court"

in an attempt to create a falsehood and mislead the Court. WF is

31

trying to take advantage of a pro se litigant to a very unfair degree, which it has been doing throughout the past 8 years.

WF once again misstates the fact by claiming it timely filed a motion for new trial. The case was dismissed in its entirety on November 17, 2011, and WF had until December 17, 2011 to file a motion for new trial. By its own admission, the motion wasn't filed until January 5, 2015, which was filed more than 3 years after the case was dismissed.

**WF Bank, NA and WF Bank, NA as Trustee are the same entity:**

WF attempts to distinguish WF Trust as a separate party and claims that a statement of facts contained in a Petition automatically makes them a defendant in a lawsuit. WF claims that it is an individual and sued in its individual capacity and likewise sued as a representative. WF does not reference any language in the Petition which states that it was sued individually, and as a representative. Such argument is without merit. First, the cases cited by WF are distinguished from the facts in this case. For instance, in *Nueces Cnty. v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi, 2003, no pet.), the case involved a Sheriff being sued as an individual and the county i.e., his legal capacity,

for failing to appoint Ferguson to a  posted position of training officer with the Sheriff's Department but was not awarded the position. Ferguson filed a grievance with the County Commissioner, who issued a decision stating the position should have gone to Ferguson. The position was reannounced in May of 1997 with the same qualifications listed and Ferguson again applied. The position was reannounced later with different qualifications and awarded to Repka. Ferguson sued the Sheriff and the County, the court held: "a person in his official capacity is a "stranger to his rights and liabilities as an individual" and vice versa. *Elizondo,* 974 S.W.2d at 931(quoting *Todman,* 361 F.2d at 746). A person filing suit against an individual solely in an official capacity thus cannot impose liability or recover damages from that same person in an individual capacity, nor can a suit solely against a person in an individual capacity result in liability or the execution of a judgment against the governmental unit that the person represents in an official capacity. *Bender,* 475 U.S. at 544, 106 S.Ct. 326 (quoting *Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) and *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).  Accordingly, the capacity in which a

governmental employee or official is sued is significant because it affects the party upon whom liability may be imposed and from whom damages may be collected, as well as the defenses that may be raised. *Jackson v. Stinnett,* 881 S.W.2d 498, 500 (Tex.App.-El Paso 1994, no writ)."

The capacity in that case has to do with the Sheriff being sued individually in his official capacity. In a suit against a person in an official capacity, a plaintiff is actually seeking to impose liability against the governmental unit the sued person represents, rather than on the individual specifically named. *Rocha,* 52 S.W.3d at 403 (citing *Graham,* 473 U.S. at 166, 105 S.Ct. 3099). The suit is, then, in actuality, one against the governmental unit, which is the legal entity that will be held liable for any judgment rendered against the individual sued in an official capacity. *Graham,* 473 U.S. at 165-66, 105 S.Ct. 3099. Those facts are distinguished from this case.

WF has failed to demonstrate or provide any proof that WF Bank and WF Bank as Trustee are separate entities, or have different legal capacities, or that that one entity is an "individual" or was sued in an "individual capacity". That language is wholly

34

missing from the Koonce's Petition, and is not a fair reading to his pleadings. Without proof of the actual capacities, if any, WF waived the argument, especially since it makes no argument in the trial court below. RR 2/13/15 hearing. It's barred from making this argument for the first time on appeal.

In 9 years of litigation, WF has never disputed, until now, that WF Bank and WF Bank, NA as Trustee are the same entities. In fact, throughout all of the litigation, WF Bank has been the only party ever sued and served by Koonce, and never once WF Bank, NA as Trustee; and throughout all litigation, WF Bank and WF Trust refer to the same entity. WF never complained, objected or stated that Koonce was trying to mislead them. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,*186 S.W.3d 571, 573, 574 (Tex. 2006) (per curiam) (holding that partial omission of defendant's name from the style of the case in the citation was not grounds for setting aside a default judgment where the citation was correctly addressed to the defendant, the defendant's registered agent received the suit papers, and the defendant did not assert that it was misled into failing to answer);  *Dillard v. Smith,* 205 S.W.2d 366, 366-67 (Tex. 1947) (where the defendant named in the case caption was "J.A.

and E.D. Transport Company" but the defendants named in the body of the petition were "Coy Dillard and Edna Dillard . . . doing business under the trade name of J.A. and E.D. Transport Co.," the court held that the only defendants were the Dillards; the company was not a separate defendant). The trust is only mentioned in the facts, not as a party. This argument is barred because Judge Baker rejected the same argument in the third case and res judicata and/or collateral estoppels apply. See below.

All citations have been issued to WF Bank, NA, and not one has been issued to WF Bank, NA as Trustee by Koonce. Each time WF Bank has been served, and answer has been filed by the Trust, thereby establishing they are one in the same. See Appendix "21", WFR 12[7], 20 and CR 27, and Koonce requests that this Court take Judicial notice of Koonce's First Amended/Supplemental Petition in the records of the first appeal, Case No. 01-10-00194-CV, and the Court's Mandate. The Court should note that WF Bank, NA was sued as the Defendant, yet the Court's mandate is for WF Bank, NA as Trustee. This is prima facie evidence that it is the same entity. This Court could not render a Mandate or any judgment in the

_____

[7] In WF Answer and Affirmative defenses, it doesn't once mention that it was incorrectly sued, or that WF Bank was a separate entity from WF Bank, NA as Trustee.

36

name of WF Bank, NA as Trustee unless it was the same party as WF Bank, NA., the party actually served.

Moreover, WF introduced documents showing that both WF Bank, NA was the owner and holder of the note, CR 27, Ex. E, and Wells Fargo Bank, NA as Trustee, CR 27 Ex.F, respectively[8].

The Texas Supreme Court recently held, in a case similar to the one at bar, "The style of this case initially reflected the parties as they were originally named in the trial court, including "Jesse Garza." Because De La Garza's briefing in this Court refers to him as "Jesus De La Garza," which is consistent with his affidavit filed in the trial court, we have corrected the case style to reflect what we believe is his legal name. There is no dispute that these names, as well as "Jesse De La Garza" and "Jesse de la Garza," refer to the same person." Sutherland v. Spencer, 376 SW 3d 752, fn1, (Texas 2012).

As in Sutherland, WF Bank and WF Bank as Trustee refer to the same party as demonstrated throughout the entire litigation, its own documents attached to various motions, and arguments previously made to this Court. Koonce never intended to sue WF

---

[8] These are found on Part 2 of the CR

Trustee, individually or at all, only WF Bank. However, the multitude of pleadings clearly show that each and every lawsuit filed by Koonce, citation was issued to WF Bank, NA, and Koonce never requested service for the trust.

If the court incorrectly determines that WF Trust was included in the Petition, it must further conclude that WF Bank as Trustee is not a separate party, it is the same party as WF Bank, NA. Therefore, when dismissing WF Bank, and all other named Defendants, as stated in the caption, Koonce dismissed all parties.

**Misnomer:**

Alternatively, any such confusion is due solely to WF, who has been trying to mislead Koonce since 2006, the trial court and this Court, and if this Court determines the proper party is the Trust, then any dismissal of WF is a misnomer, especially in light of the confusing documents, pleadings, Mandate, demands, etc. it's a misnomer. See In Re Greater Houston, supra, and SP, Appendix 9.

IN RE GREATER HOUSTON ORTHOPAEDIC, 295 SW 3d 323, (Tex 2009) is directly on point with identical facts to this case. In Re Greater Houston, Jody Griswold required surgery as a result of

38

allegedly negligent medical care. Griswold and his attorney, Peter Zavaletta, entered into an agreement with Greater Houston Orthopaedic Specialists ("GHOS"), whereby GHOS would perform the surgery in exchange for payment from the anticipated proceeds of Griswold's pending health care liability suit.

GHOS later sued Griswold and Zavaletta in Cameron County, alleging that they failed to pay GHOS approximately $35,000 for medical services rendered. GHOS subsequently nonsuited that action. The nonsuit was signed by GHOS's attorney as "attorney for plaintiff" and included the correct cause number and style, but it identified GHOS as "Orthopaedic Specialists, L.L.P.," omitting the "Greater Houston" predicate. GHOS then sued Griswold and Zavaletta in Harris County. The parties settled, and the Harris County court signed an agreed judgment on January 7, 2008. The Court found this to be a misnomer.

Defendant Wells Fargo does not dispute the holding in Greater Houston Orthopaedics, nor try to distinguish the facts of this case. Wells Fargo does not dispute that the wrong party was named. Rather, it attempts to claim they are separate entities, but this is

39

contrary to their own Exhibit "C" in which Wells Fargo Bank, N.A. is specifically identified as the owner/creditor[9], and nowhere is Wells Fargo Bank, NA as Trustee identified or mentioned. Any such failure to specifically name Wells Fargo Bank as Trustee was a misnomer and Wells Fargo Bank and Wells Fargo Bank as trustee are the same entity. The Supreme Court explained that a misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *Id.* (noting that "[m]isnomer arises when a plaintiff sues the correct entity but misnames it"); *see also Chen v. Breckenridge Estates Homeowners Ass'n, Inc.,* 227 S.W.3d 419, 421 (Tex.App.-Dallas 2007, no pet.) (holding that misnomer occurred when enforcement order referred to actual Plaintiff "Breckenridge Estates Homeowners Association, Inc." as "Breckenridge Park Estates No. 1 and No. 2 Homeowner's Association, a Texas non-profit corporation, also identified in the pleadings and known as Breckenridge Estates Homeowners Association, Inc."); *Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.) (determining that misnomer occurred when actual plaintiff, SMS II, instead named

---

[9] November 15, 2006 Notice of cure.

40

another entity, SMS I, in its original petition). Courts generally allow parties to correct a misnomer so long as it is not misleading. *See, e.g., Enserch,* 794 S.W.2d at 4-5 (holding that when a plaintiff misnames a defendant, limitations are tolled and a subsequent amendment of the petition relates back to the date of the original petition); *Chen,* 227 S.W.3d at 420 ("A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound."); *Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701, 702 (Tex.App.-Fort Worth 2001, no pet.) ("[W]hen an intended defendant is sued under an incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error."). Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant. *Pierson,* 959 S.W.2d at 347; *see also Charles Brown, L.L.P. v. Lanier Worldwide, Inc.,* 124 S.W.3d 883, 895 (Tex.App.-Houston [14th Dist.] 2004, no pet.)(holding that a misnomer does not render a judgment void "provided the intention to sue the correct defendant is evident from the pleadings and process, such

that the defendant could not have been misled"); *see also Adams v. Consol. Underwriters,* 133 Tex. 26, 124 S.W.2d 840, 841 (1939) ("When a corporation intended to be sued is sued and served by a wrong corporate name . . . and suffers judgment to be obtained, it is bound by such judgment.. . .").

In this case, the misnomer is not misleading because WF Bank has been sued in the first lawsuit and every lawsuit since, and has answered as WF Trustee, not only demonstrating it's the same entity as referenced above, but it is in no way prejudiced by the misnomer.

Based on this holding and the identical facts in this case, it was a misnomer.

**WF Claims That Koonce Specifically Named WF Trust As A Separate Defendant Is Without Merit, And Barred By The Doctrine Of Res Judicata And/Or Collateral Estoppel.**

WF makes a great deal of effort claiming that Koonce specifically named all parties to the caption in his nonsuit, but failed to name WF as Trustee in the nonsuit. WF continues to argue legal capacity and individual capacity, without designating what it believes  each alleged party was in which capacity, and as stated

above, this argument is without merit, unsupported, and argued for the first time on appeal. See RR 2/13/15 hearing. App.22 The fact is, the only parties Koonce ever sued were in the caption, and confirmed in the very first paragraph. Koonce, as a pro se litigant, at the time did not know that he could use the "nonsuit in its entirety" language, what pro se litigant would?  He thought by naming each party in the caption, he dismissed the entire case.

WF cannot benefit by misleading all parties, this Court, the trial court, etc. by previously being served as the Bank and responding as the Trustee, never objecting, never setting the record straight, and allow Koonce to reply upon their conduct to his determinant. WF's own paperwork shows both the bank and the trustee as the owner and holder of the note. It now seeks to establish they are separate entities. All of this clearly established that it's the same party. The proof is in their conduct in all other litigation, their paperwork and lack of prior argument.

**WF made this same argument to Judge Baker in the third lawsuit, in its verified plea in abatement (App.11, Para.5). Judge Baker rejected this argument and denied the plea**

(App.13). As such, the matter was decided and **res judicata**

**attaches,** or at the very least, collateral estoppels applies.

The party relying on the res judicata must prove (1) a prior

final determination on the merits by a court of competent

jurisdiction; (2) identity of parties or those in privity with them; and

(3) a second action based on the same claims as were or could have

been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919

S.W.2d 644, 652 (Tex.1996).

App.11, Para.5[10], clearly makes this argument, and the sole

basis of the plea in abatement was WF had untimely filed a cross

complaint pending in the 127th Judicial District Court, and

therefore that court had dominate jurisdiction because it was filed

first. The court clearly rejected these arguments. That ruling

became final when the case was dismissed, and WF never appealed.

By outright rejecting WF's arguments, the court determined that

WF Bank and WF Trust were one in the same, and that the case

had been completely dismissed in its entirety. Furthermore, WF

could have easily proceeded with a non-judicial foreclosure

---

[10] In Fn1, WF clearly makes the argument that the nonsuit did not "effectuate dismissal of claims against WF."

proceeding without the necessity of filing a lawsuit. However, it should have filed a counterclaim in Baker's court, but refused.

**Wells Fargo Judicially Admitted that only WF Bank was sued in the second lawsuit, the one before this Court:**

Alternatively, App.11, Para.4, WF judicially admitted that only WF Bank, NA was sued in the second lawsuit, which is the subject matter of this court.

It is well-settled in Texas law that any assertion of fact not pleaded in the alternative which appears in a party's live pleadings will be regarded as a formal judicial admission. *HoustonFirst American Savings v. Musick*, 650 S.W.2d 764 (Tex. 1983). As long as the admission stands unretracted, the fact admitted is accepted as true. *Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412 (Tex. App. – Tyler 1979). As with other types of judicial admissions, the statement must be deliberate, clear and unequivocal. *Id.*

Assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial

45

admissions. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001). A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. Bowen v. Robinson, 227 S.W.3 86, 92 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement. Id.

WF does not state in paragraph 4 that WF Trustee was included in that lawsuit. Therefore, that claim is likewise barred.

**WF Cross-complaint was untimely:**

It is undisputed that WF filed its cross-complaint 4 days after Koonce nonsuited the lawsuit in its entirety. A written order of dismissal is not required as "a condition to the extinguishment of the action"; rather, the order is "a mere formality memorializing what already occurred and serves the purpose of triggering appellate deadlines and the time period within which the trial court's plenary jurisdiction begins to end." In Re Shamblin, No. 01-

46

10-00961-CV, First District Court of appeals, February 16, 2012, quoting *Trigg v. Moore,* 335 S.W.3d at 245 n.1.

**E. WF Motion for New Trial:**

WF claims the trial court committed no error in granting their motion for new trial, while ignoring blatant procedural issues, jurisdictional issues, statements made by both the court and WF at the 8/12/2012 hearing confirming the case in controversy had been extinguished, and timeliness.

The trial court originally confirmed Koonce's motion to confirm the case was dismissed on November 17, 2011 via nonsuit, and plea to the jurisdiction. See Appendix "20", which is a true and correct copy of the Court's December 17, 2014 Order granting plea to the jurisdiction.

1. **Wf Admitted Koonce's Case In Controversy Was Dimissed In Its Entirety At The 8/12/12 Hearing:**

The 8/12/12 hearing clearly shows that WF's position was that it filed a cross-complaint within the court's plenary power and conceded that Koonce had dismissed all of his claims. (RR4)

On 8/12/12, WF attempted to consolidate the cases claiming it did not want two parallel trials in this case. (RR3) After the court

47

failed to grant WF motion, it now claims WF as Trustee was never dismissed. They are judicially barred from doing so. First, any dispute of whether or not WF as Trustee was dismissed, after the court's website acknowledged it was dismissed, the trial court and WF both conceded that Koonce's nonsuit extinguished his entire controversy, would have been required to be appealed within 30 days of the date of the nonsuit (extinguished controversy). Wells Fargo simply missed the deadline and now makes stuff up in an attempt to get around limitations. They did this in the Federal proceeding as well, claiming it filed in the wrong jurisdiction and therefore timely filed in federal court while ignoring the fact the case was dismissed three years earlier. WF has a history of being sued as the Bank and not as the trust, has entered responses as the Trust, never once disputed that the trust and bank are the same entities over 9 years of litigation until limitations had run. Their past conduct estops this claims or judicially bars it.

WF wants this Court to treat a pro se litigant with indifference and not apply the law equally to it. This is fundamentally unfair, inequitable, and blatant violation of well established law.

By asserting res judicata, Wells Fargo conceded that the second lawsuit, the one before this Court, was dismissed. It can't have it both ways. Either in the third lawsuit the court had jurisdiction and res judicata applies and therefore the second lawsuit was dismissed in its entirety, or the third lawsuit the court had no jurisdiction rendering the order void. So which one is it?

## 2. Court's Exercise of its Plenary Powers

At the August 12, 2012 hearing, the court concluded it had jurisdiction because WF filed its cross-complaint within the time the court had plenary power. See RR 8/12/12 hearing, P.8, L.4-5, 21-25; P.9, L.1-15[11], 23-25; P.10, L.1-12, 20-25; P.11, L.1-5. Not only does the court admit the "controversy was extinguished" by the "nonsuit", but the trial court goes on to say that he can strike it. This is contrary to well established Texas law. See fn 6; see also

---

[11] The court's conclusion that it has a right to strike a nonsuit is erroneous. First, this case is not involving any minor, and secondly, the Texas Supreme Court has made it clear, In Re Greater Houston Orthopeadic Specialist, 295 SW3d 323, 324-325 (Texas 2009), "A plaintiff may nonsuit a case "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence," but dismissal "shall not prejudice the right of an adverse party to be heard on a **pending claim** for affirmative relief. . . ." TEX.R. CIV. P. 162. "The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief." *BHP Pet. Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990). Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). (emphasis added)

49

Bruington Engr. V. Pedernal Energy LLC, 403 SW 3d 523, 527 (Tex.App. – San Antonio 2013), :"a dismissal "shall not prejudice the right of an adverse party to be heard on a **pending claim** for affirmative relief ...." *Id.* Thus, "[g]ranting a nonsuit is a ministerial act, and a **plaintiff's right to a nonsuit exists from the moment a written motion is filed** or an oral motion is made in open court, **unless the defendant has, prior to that time, sought affirmative relief**." *In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d 323, 325 (Tex.2009) (orig. proceeding); Houston Independent School Dist. v. Morris, 355 SW 3d 668, 678, (Tex.App. – Houston [1st Dist.] 2011) "Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a **pending claim** for affirmative relief...." TEX.R. CIV. P. 162; *In re Greater Houston Orthopaedic Specialists,* 295 S.W.3d 323, 324 (Tex.2009). Although generally a lawsuit may proceed after dismissal of a claim by an adverse party, the lawsuit must independently comport with a court's jurisdiction. *See Color Tile, Inc. v. Ramsey,* 905 S.W.2d 620, 623 (Tex.App.-Houston [14th Dist.] 1995, no writ). (Emphasis added)

In this case, the trial court has claimed its plenary powers exceeds the 30-day time frame because WF filed a cross-complaint **AFTER** Koonce nonsuited his entire case. *BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 840-41 (Tex. 1990). A plaintiff's nonsuit is effective immediately upon filing. *See Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862-63 (Tex. 2010). A trial court abuses its discretion if it refuses to dismiss when a plaintiff files a nonsuit. *Id.; see also In re Greater Houston Orthopaedic Specialists, Inc.,* 295 S.W.3d 323, 324-25 (Tex. 2009) (stating that "[g]ranting a nonsuit is a ministerial act").

A trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment **within thirty days after the judgment is signed**. TEX. R.CIV.P. 329b(d); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984) (orig. proceeding) (per curiam). If no party to a judgment files a motion to extend the trial court's plenary power, the **trial court loses plenary power over the judgment thirty days after the judgment is signed**. *Pollard v. Pollard,* 316 S.W.3d 246, 251 (Tex.App.-Dallas 2010, no pet.). After the expiration of those thirty days, the trial court has no authority to set aside a judgment except by bill of

review for sufficient cause. TEX.R.CIV.P. 329b(f); *Thursby v. Stovall,* 647 S.W.2d 953, 954 (Tex.1983) (orig. proceeding) (per curiam).

The trial court lost its plenary power on December 17, 2011, four years ago. The court acknowledged its plenary power is only good for 30 days following the nonsuit. RR 8/12/12, P.4, L. 12-14; and confirmed that Koonce extinguished all of his claims when he filed his nonsuit. RR 8/12/12 P.10, Line 3-12. The docket so reflected.

**3. The Nonsuit was final and required no signed order by the judge, and WF had 30 days from the date filed to appeal.**

It is undisputed Koonce filed his nonsuit on November 17, 2011 and no collateral matters were pending at the time he dismissed his case. It is well established that no order is actually required to be signed because it's merely a ministerial act. See above arguments under plenary power and conceding controversy was extinguished.

This case is similar to the Travelers Ins. Co. v. Joachim, 315 SW 3d 860, 862-63 (Tex.2010). In that case, Joachim filed a nonsuit without prejudice, but the court actually signed an order

dismissing the case with prejudice. The Supreme Court held, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may... take a non-suit, which shall be entered in the minutes. Notice of the ... non-suit shall be served ... on any party who has answered or who has been served with process without necessity of court order." TEX.R. CIV. P. 162. A party has an absolute right to file a nonsuit...A nonsuit "extinguishes a case or controversy from `the moment the motion is filed."

Texas Rules of Civil Procedure, Rule 162, states;

> RULE 162. DISMISSAL OR NON-SUIT At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which **shall be entered in the minutes**. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order. Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court

costs against dismissing party unless otherwise ordered by the court. (emphasis added)

By the clear and plain language of the Rule, no actual order is required. Any such order would merely be a ministerial act, which the judge refused to do.

Koonce has tried to obtain a copy of the court's minutes showing the nonsuit was entered and the case dismissed, but has been unable to locate one. However, in addition to the court's website (App.11.P.2), the docket itself shows the case was dismissed.

| 2/20/2012 09:00 AM | 127 | Trial Coordinators Docket | PRE TRIAL CONFERENCE (NO TCR) | Case Disposed - No Mediation Occurred |
|---|---|---|---|---|

Since the entire controversy was extinguished by the nonsuit, the trial court confirmed this fact at the 8/12/12 hearing (see RR) the only option WF had was to appeal the case on or before December 17, 2011 or file its motion for new trial, which it did not do. WF has never filed any other document such as a restrictive appeal, or perhaps a bill of review that even applies. WF felt at that

54

time that WF Trust had been sued, (which no service was ever sought, and as explained below in detail, WF Bank and WF Trustee are the same entity, same party, and any such confusion is a misnomer), then it was required to file an appeal within the time period of the court's plenary powers, especially when WF bank has held itself out to being the same as WF Trustee in prior pleadings. See App.20, and this court's prior opinion, App.7. Stating a fact is not the same thing as naming the party as a defendant. WF has caused the confusion as it's identified itself as the Bank and as the Trustee, both claiming to be owners and holders of the note and deed of trust. As such, through their own documentation, have admitted they are the same party.

**4. Defect in WF Motion for New Trial:**

A trial court may grant a new trial for good cause, on motion of a party or on the court's own motion. TEX.R. CIV. P. 320. A plain reading of WF motion it does not ask the court to set aside the judgment/order, a requirement for any motion for new trial. It merely asks for the court to reconsider the order and deny Koonce's

plea to the jurisdiction and motion to confirm case was dismissed on November 17, 2011. WFR 100.

The order itself does not state "good cause exists", rather, it states the motion is meritorious, and does not set aside its prior order. This key language is missing from the order. See WFR 173.

WF claims the trial court did not err in granting their motion, which was fatally defective.

**WF Motion for New Trial was based upon new evidence.**

Although vague, WF motion for new trial on its face is based on new evidence. Wells Fargo attached numerous exhibits to support its motion for new trial, which documents were readily available at the time it filed its initial response to the plea to the jurisdiction. A hearing on WF's motion was set although and took place on February 13, 2015. See RR, App.22. These are two key factors that must happen when motion for new trial is based upon new evidence.

WF response to the plea to the jurisdiction was exactly the same arguments made in the motion for new trial, which was originally denied. See WFR79, and 100, respectively. No new evidence or new arguments were presented that would justify the

court granting the motion for new trial. In fact, all of the evidence to support the new trial was readily available at the time WF filed its response, but refused to provide it to the court.

To obtain a new trial based on newly discovered evidence, a party must show the trial court that: 1. the movant discovered admissible and competent evidence after the trial. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex.1989) overruled on other grounds, Moritz v. Preiss, 121 S.W.3d 715 (Tex.2003). The knowledge of both party and attorney is relevant; 2) the late discovery of evidence was not due to lack of diligence. Waffle House v. Williams, 313 S.W.2d 796, 813, (Tex.1983); 3) the evidence is not merely cumulative of other evidence. Waffle House v. Williams, 813 S.W.2d 796, 813 (Tex.1983), Jackson v. Van Windle, 660 S.W.2d 807, 809. Evidence is cumulative when it is of the same kind and tends to prove the same point as other evidence. New Amsterdam Cas. Co. v. Jordan 359 S.W.2d 864, 866 (Tex. 1962; In re Yarbrough, 719 S.W.2d 412, 415 (Tex.App.—Amarilo 1986, no writ); see, e.g. Mitchell v. Bank of Am., 156 S.W.3d 622, 629 (Tex.App.— Dallas 2004, pet. denied) (documents from bank showing new address were cumulative of bank statement showing new address);

(3) the new evidence is not cumulative; (4) the evidence is not merely for impeachment, New Amsterdam v. Jordan, 359 S.W.2d 864, 866 (Tex.1962), and (5) the new evidence is so material that it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex.2010); *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983).

A hearing on WF Motion for New trial was held on February 13, 2015, during which time the same arguments were made. WF never introduced any evidence. No evidence was ever sworn to by WF, and none introduced to the court at the hearing. Without offering any evidence at the hearing, there were no grounds to support the granting of the new trial.

Moreover, WF's motion was not verified and there was no affidavit attached to WF's motion as required to support each element listed above. See Brown v. Hopskins, 921 S.W.2d 306, 310-11 (Tex.App.—Corpus Christi 1996, no writ) (elements must be established by affidavit).

The court reporter filed the transcription of the February 13, 2015 hearing on motion, and a true and correct copy of this

transcript is attached hereto as App.22, for the courts convenience. No evidence was taken at the hearing.

The order itself fails to state the motion was based on good cause, or that good cause exists for granting the motion for new trial, said motion filed over 3 years after the nonsuit.

The Texas Supreme Court noted that "the good cause for which Rule 320 allows trial courts to grant new trials does not mean just any cause. If it did, the rule would not have specified "good" cause. "In Re Columbia Medical Center, 290 S.W.3d. 204, fn.3 (Tex.2009).

Because the trial court's order does not state good cause exists as required by the plain language of the rules, it is defective and void. Furthermore, the order is inconsistent with the court's own statements. App.22, P.6, L.15-22; P.7, L.21-25; P.8. L.1. The court specifically found that WF had answered as WF Bank, NA on 8/12/12, and that the defendants were all named under Paragraph A, and the Trust was only referred to in Paragraph B.

The reasons given by the court are not legally valid, do not follow well established legal standards, and are not specific or logical. The court order is void.

WF claims "Because Wells Fargo, as Trustee was not dismissed in the lawsuit, along with the other defendants, it answered and appeared for all purposes, including filing counterclaims against Koonce. The trial court recognized this distinction when granting the Motion for New Trial". However, the trial court also rejected that same argument when it granted Koonce's Plea to the Jurisdiction. To now change his position without further explanation other than to claim that WF Trustee was likewise sued, no indication it's a separate entity renders his order void.

Because the order is void on its face, and the court's reasoning does not follow well established legal standards and law, this court has Mandamus jurisdiction[12].

## F. FIRST LAWSUIT WF SOUGHT AND OBTAINED AN MSJ GIVING IT THE RIGHT TO FORECLOSE

In the 2007 suit, it is an undisputed fact that WF raised the issue of accelerating the note and deed of trust, and the Court of Appeals found it had been accelerated. It is an undisputed fact that

---

[12] In re United Scaffolding, Inc. 377 SW 3d 685, 688-89 (Tex. 2012) (examples of what is and what is not grounds for MNT, and void orders)

the Court exercised jurisdiction over the parties and it did not require the presence of any third parties. It is also undisputed that WF requested permission to foreclose. (Appendix 4, Paragraph 20) The case had been ripe for the cross-complaint, which WF never filed, and res judicata applies.

The party relying on the res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996); "**The judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit.**" *Gracia v. RC Cola-7-Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984). See also *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862-863 (Texas 2010).

Because there was a final judgment in the first case, res judicata bars WF's present claim that the note and deed of trust

61

were not accelerated, contrary to a prior position, resulting in an adverse ruling against Koonce, and WF is judicially barred/stopped from making such a claim.

Further, although WF Trustee was never sued in this action, it actually obtained a judgment in the first lawsuit giving it authority to foreclose Koonce's property, barring it from its current lawsuit. Since that issue was already litigated, it cannot now relitigate it. Garcia, supra. Alternatively, the matters were required to be litigated in the third lawsuit, which was taken all the way to judgment. Simply put, WF claims are barred as a matter of law.

**Res Judicata cannot be enforced when it's procured through means of fraud.**

WF attempts to assert res judicata based upon a ruling made by Judge Baker, and claims that Koonce is estopped from claiming WF Trustee is the owner and holder of his note, due to an alleged judicial admission. Although the statement is not unequivocal, is not sworn to, and is based upon impression[13] as a result of

---

[13] Statements which are merely impressions may not be sufficiently clear and unequivocal to be considered a judicial admission. *National Savings Insurance Co. v Gaskins*, 572 S.W.2d 573 (Tex. App. – Ft. Worth 1978).

fraudulent documents produced by WF, it also flies in the face of repeated allegations by Koonce, in the first lawsuit, that WF does not own and hold the note and deed of trust, and that the assignments were fraudulent. His position has never changed. This Court acknowledged in its slip opinion that In the First Lawsuit, this Court acknowledged in its memorandum opinion regarding the First Lawsuit that "**[a]lthough disputed**, Wells Fargo appears to be the holder of the note, the owner of the note, or both," App.7.

Any such alleged judicial admission by Koonce is waived because the evidence to the contrary i.e., the two different sets of assignments and WF Foreclosure Manual establishing that its policy is to create fraudulent documents for the sole purpose of foreclosing (App.16) and such fraud is supported by Mr. Kennerty's deposition (App.17), is present. See Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc., 664 S.W.2d 756, 765 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.). WF also did not present this argument in the trial court below, nor during the first case when the fraud allegation was first raised, and brought before this Court. WF has repeatedly treated this matter as a disputed fact issue, throughout all the litigation. As such, an alleged judicial

admission is waived. See id. Koonce has repeatedly objected to the assignments, and has consistently claimed fraud, unlike WF who changes its position whenever it suits itself. WF never objected in the first or third case when the fraud claim arose, and therefore waived it. See Houston First American Sav. v. Musick, 650 S.W.2d 764, 769 (Tex. 1983).

However, WF is judicially estopped from claiming that it did not accelerate the note and deed of trust on November 16, 2006, or at the very latest, on 3/21/07. See WF MSJ filed in first lawsuit and was subject to the first appeal. See, Koonce Appendix 4, Exhibit "E", showing that "foreclosure attorney fees" were charged against the loan. Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. *Siller v. LPP Mortg., Ltd.*, No. 04–11– 00496–CV, 2013 WL 1484506, at *3 (Tex. App.—San Antonio April 10, 2013, pet. denied) (mem. op.) (citing *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from 'playing fast and loose' with the courts,

and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* The doctrine is applied when a party "uses intentional self-contradiction as a means of obtaining an unfair advantage in a legal proceeding." *See id.* (citing *In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir. 1999)). Further, the general language involving judicial admissions states that "[a]ssertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *French v. Gill*, 252 S.W.3d 748, 754 (Tex. App.—Texarkana 2008, pet. denied) (quoting *Holy Cross Church of God in Christ*, 44 S.W.3d at 568 (citations omitted)). "A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact." *Id.*

This is prima facie evidence the note and deed of trust were accelerated, plus the judicial admission by Jill Orrison. For the court to now hold that the note and deed of trust were not accelerated on December 20, 2006 (the date in which payment was to be made in full or WF **will accelerate**[14] the note and deed of

---

[14] Holy Cross Church of God in Christ v. Wolf, 44 SW 3d 562 (Tex.2001) (intent to accelerate was determined by letter to cure and letter stating its intent to accelerate the mortgage)

trust)(Appendix 4, Exhibit "D" [WF introduced these documents and cannot now dispute them]), or March 21, 2007, the first date foreclosure fees were assessed against the account, would reward WF for committing a fraud upon the court.

Extrinsic fraud is fraud that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted.[14] *King Ranch,* 118 S.W.3d at 752. It occurs when a litigant has been misled by his adversary by fraud or deception, or was denied knowledge of the suit. *Alexander,* 226 S.W.2d at 1001

The US Supreme Court has held[15] "This "historic power of equity to set aside fraudulently begotten judgments," *Hazel-Atlas,* 322 U. S., at 245, is necessary to the integrity of the courts, for "tampering with the administration of justice in [this] manner. . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Id.,* at 246. Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud. *Universal Oil, supra,* at 580."

---

[15] Chambers v. Nasco, Inc., 501 US 32, 44 (1991)

Our courts have never allowed a party to take one position in one lawsuit (accelerated the note and deed of trust), and take another position in a subsequent lawsuit (note and deed of trust were never accelerated) as it is an assault upon the integrity of the courts and the judicial process. We don't award parties for fraud, or for saying whatever it takes to win, even if it's contrary to a prior position. WF claims that it did not accelerate until September 14, 2010 are baseless and barred because it's inconsistent with a prior holding in the first lawsuit and this Court affirming that ruling. Jill Orrison's affidavit was never struck.

If the Court were to accept WF's illegitimate argument regarding acceleration, WF claims for res judicata would only apply if Judge Baker had Jurisdiction. It's undisputed that the second lawsuit was filed first, the lawsuit which is the current subject of this Mandamus proceeding. If the trial court in the second case had jurisdiction at the time the court made the ruling in the third case, then res judicata would not apply because her ruling would be void. The Texas Supreme Court has described a judgment as void when "the court rendering judgment **had no jurisdiction of the parties**

**or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.**" *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex.2010) (quoting *Browning,* 165 S.W.3d at 346). See also PNS Stores v. Rivera, 379 S.W. 3d 267 (Tex. 2012).

Texas has long held that you cannot have two pending cases on the exact same subject matter, and that the first filing would be dominate jurisdiction rending any order void in the subsequent suit. See Wyatt v. Shaw Plumbing, 760 S.W.2d 245, 248 (Texas 1988)(It is well settled that when suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts.[16])

There are three exceptions to the rule of *Cleveland v. Ward*[17] that the court where suit is first filed acquires dominant jurisdiction: (1) Conduct by a party that estops him from asserting

---

[16] *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *V.D. Anderson Co. v. Young,* 128 Tex. 631, 636, 101 S.W.2d 798, 800 (1937); *Cleveland v. Ward,* 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926). As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum. *Mutual Sav. & Loan Ass'n v. Earnest,* 582 S.W.2d 534, 535 (Tex.Civ.App.— Texarkana 1979, no writ).

[17] 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926)

prior active jurisdiction; (2) lack of persons to be joined if feasible, or the power to bring them before the court; and (3) lack of intent to prosecute the first lawsuit. *Young,* 128 Tex. at 636-37, 101 S.W.2d at 800-01; *see also Curtis,* 511 S.W.2d at 267. None of these exceptions applies in this case.

WF is estoped from claiming that second lawsuit retained jurisdiction while it actively prosecuted the third lawsuit. Its own activities demonstrate that the second lawsuit was dismissed, and the third was dominant. As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988); *see also Perry v. Del Rio,* 66 S.W.3d 239, 252 (Tex.2001); *In re Sims,* 88 S.W.3d 297, 303 (Tex.App.-San Antonio 2002, orig. proceeding). The Supreme Court emphasized that "[i]t has long been the policy of the courts and the legislature of this state to avoid a multiplicity of lawsuits. The need for judicial economy has recently become more acute because the dockets of our trial courts are overburdened, and litigants must wait far too

long for their cases to be heard." In keeping with the policy to avoid multiple lawsuits, Texas Rule of Civil Procedure 97(a) was promulgated. *Wyatt,* 760 S.W.2d at 246-47.

WF, in the first lawsuit, was served as Wells Fargo Bank, NA, yet obtained an MSJ in its favor to give it the right to foreclose Koonce's property, establishing it was the owner and holder of the note, and had accelerated Koonce's note and deed of trust in the name of WF Bank, NA as Trustee. The issue of right to foreclose was tried by consent. WF never objected to any misnomer or misnaming of the party. This Court affirmed the trial court's ruling. WF attempted twice thereafter to foreclosure, but blatantly and intentionally, with wanton disregard, failed to comply with the simple foreclosure proceedings set for in the Deed of Trust, and Texas Property Code, 52, resulting in two subsequent lawsuits being filed. WF likes to blame Koonce and claim it's innocent, but the fact is, it refused to follow proper procedure. After the statute of limitations ran, WF suddenly claimed, after being served twice as Wells Fargo Bank, NA, that WF Bank, NA is a separate entity in an attempt to falsely argue that Koonce did not dismiss the trust, whom he never sued at anytime whatsoever. The MSJ order in favor

of WF in the first lawsuit giving it the right to foreclose bars WF from making any further claims because that right was already given to it. All it needed to do was follow Texas foreclosure laws and foreclose the property. However, it elected to harass the Koonce's to the point it caused Joyce Koonce's death, and not being satisfied with killing Joyce Koonce, WF continues to harass Mr. Koonce, and take different positions at different times.

WF has been given special treatment by the courts, in its illegitimate arguments, refused to produce documents, the court's to compel documents, all to Koonce's determent. Justice must serve justice and just because WF is wealthy and can afford high powered lawyers doesn't mean it should escape liability or be excused from the law. The fact is it now has two separate assignments. The first set in the first case dated 3/23/09 and were sworn, and the new set is dated 2/17/05. WF has introduced these documents. See App.4, C, App.5. Although WF failed to attach App. to its documents WFR213, Koonce objects and moves to strike the entire Complaint starting at WFR213, as it's incomplete.

**WF Plea in Abatement:**

71

WF claims there was no finding of jurisdiction by the court in the WF's plea in abatement. That's absurd. The entire motion dealt specifically with the parties (WF) objecting to the court's jurisdiction and asserting that the second lawsuit was dominant. That's a jurisdiction question. WF's claim is without merit.

When WF filed its plea in abatement (App.11), Judge Baker denied it (App.13), and WF prosecuted the lawsuit.

The party bringing the plea in abatement must show that (1) the other suit commenced first; (2) **the suit is still pending**; (3) the same parties are involved; and (4) the controversies are the same. *See S. County Mut. Ins. Co. v. Ochoa,* 19 S.W.3d 452, 468 (Tex. App.-Corpus Christi 2000, no pet.) (op. on reh'g). The **movant** has the **burden of proof to establish the allegations in his motion to abate**. *Flowers v. Steelcraft Corp.,* 406 S.W.2d 199, 199 (Tex. 1966); *S. County Mut. Ins. Co.,* 19 S.W.3d at 469. (Emphasis added)

Texas State Courts have the power to restrain persons from proceeding with suits filed in other Courts of this state by granting an "anti-suit injunction," abating proceedings in a second forum. Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986). The trial

court's decision is reviewed under an abuse of discretion standard. Id A trial Court abuses its discretion when it misapplies the law to the established facts of the case. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). (Emphasis added).

Koonce's request that this Court take judicial notice of the Harris County District Clerk's own website at the time Koonce filed his response to WF Motion to Abate on December 16, 2011[18], showed:

201079323 - KOONCE, ERNEST RAY vs. WELLS FARGO 7 12/6/2010  295 Civil FORECLOSURE
Active - Civil  BANK NA

201064752 - KOONCE, ERNEST RAY vs.BARCLAYS        10/1/2010   127  Civil  OTHER CIVIL
Disposed    CAPITAL REAL ESTATE INC (DBA HOMEQSERVICING
(Final)

200730212 - KOONCE, ERNEST RAY vs. HOMEQ        5/17/2007  127  Civil  Declaratory
Disposed   MORTGAGE SERVICING COMPANY (ACTING                Judgment
(Final)     ON BEHALF

In ED. Anderson co. v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937), the Court held that:

"As a general rule, in order for the Court where suit is first filed to have prior jurisdiction over the Court where it is subsequently filed, the first Court must have all

---

[18] It is unknown when the status changed. However, it is believed it happened sometime at or near August 2012.

73

necessary parties before it, or must have power to bring them before it.

While, as a general rule, a suit is commenced by filing a petition with the bona fide intention to prosecute it to judgment, still the mere physical filing of the petition is not sufficient to oust the Court in which the same suit is subsequently filed of active jurisdiction."

Id., 128 Tex. at 637, 101 S.W.2d at 800-801. (Emphasis added)

In Hartley v. Coker, 843 SW 2d 743 (Tex.App. Corpus Christi 1992), the Court stated:

Matters accruing subsequent to the filing of the first suit may defeat the plea in abatement. Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 630 (1958). In this connection, three exceptions exist to the general rule requiring abatement of the second suit: (l) a party's conduct may estop him from asserting dominant jurisdiction in another Court; (2) the first Court may lack power to join parties to be joined if feasible; or (3) the party filing the first suit lacks the intent to prosecute it. Wyatt, 760 S.W.2d at 248. If, as happened here, the second Court determines that one of the exceptions applies, it may assume dominant jurisdiction and proceed to judgment. Hartley v. Coker, 843 S.W.2d 743, 747 (Tex.App.— Corpus Christi 1992, no writ).

(Emphasis added)

As stated above (Baker suit), the court exercised dominant jurisdiction over this case. In doing so, it had determined that the present lawsuit was nonsuited in its entirety, the only exception that was present at the time WF filed its plea in abatement and the

74

order issued, and it therefore had dominant jurisdiction over the parties and issues, and the issue of dismissal of the second lawsuit (present lawsuit) has been decided as a matter of law, and that determination was final thirty days after dismissal of the third lawsuit. Res judicata bars Wells Fargo's claims that this suit wasn't dismissed. See Appendix 11 and 12, respectively.

WF has elected it remedy by asserting res judicata as a result of the summary judgment obtained in the third lawsuit. By claiming res judicata with regards to limitations, it cannot now assert that the second lawsuit was pending and had concurrent jurisdiction and both cases were allowed to be litigated at the same time. To making that holding, flies in the face of well established law, including laws prohibiting multiplicity of lawsuit. WF is asking this court to give it special treatment by allowing it to file as many lawsuits as it wants on the same underlying claim i.e., right to foreclosure, prosecute it multiple times, and allow it to simultaneously have lawsuits pending on the same cause of action in two different courts. This undermines T.R.Civ.P.97(a), and would eviscerate the rules.

One of our founding fathers, and the drafter of our Constitution, Thomas Jefferson, stated over 200 years ago:

"I believe that **banking institutions are more dangerous to our liberties than standing armies**," Jefferson wrote. " If the American people ever allow private banks to control the issue of their currency, first by inflation, then by deflation, the banks and corporations that will grow up around(these banks) **will deprive the people of all property until their children wake up homeless on the continent their fathers conquered**."

"The issuing power of currency shall be taken from the banks and restored to the people, to whom it properly belongs."

n.

## WELLS FARGO'S CLAIMS WERE COMPULSORY

Even if this Court were to decide that it has jurisdiction over the case, WF's claims were compulsory and were required to be filed in the first lawsuit (and in fact WF was granted the right to foreclose in that first lawsuit) and are therefore barred as a matter of law. See Tex.R. Civ. P. 97(a). Rule 97. A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions Gary v. Kirland, 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus

Christi 1977, writ ref'd r.e.) See also *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex.1988).

WF's claims that it can still judicially foreclose is without merit because it already asked for the right to foreclose in the first lawsuit and such right was granted, and affirmed by this Court. They are barred from relitigating that issue.

**In Commint Technical Services, Inc. v. Quickel, 314 SW 3d 646 (Tex.App. – Houston [14th District] 2010) Quckel had filed suit against Commint in Collins county. While that suit was pending, Commint filed suit against Quickel in Harris County. The Collins case proceeded to trial, a judgment was rendered in favor of Quickel and no appeal was taken. Quickel filed a summary judgment against Commint in the Harris County case based upon the theory that Commint had compulsory claims it should have filed in the Collins case and res judicata applied. The trial court agreed, granted summary judgment, and the Court of Appeals upheld the judgment against Commint. This case is directly on point.**

It has long been the policy of the courts and the legislature of this state to avoid multiplicity of lawsuits. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 246 (Tex.1988). The need for judicial economy is acute because the dockets of our trial courts are overburdened, and litigants must wait far too long for their cases to be heard. *Id.* at 246-47. In keeping with the policy to avoid multiple lawsuits, Texas Rule of Civil Procedure 97(a), regarding compulsory counterclaims, was promulgated. *Id.* at 247. The Texas Supreme Court has adopted a six-part test for determining whether a counterclaim is compulsory rather than permissive. In *Wyatt,* the Supreme Court stated that a **counterclaim is compulsory** only if:

(1) it is **within the jurisdiction of the court**; (2) it is not at the **time of filing** the answer the **subject of a pending action**; (3) **the action is mature and owned** by the pleader at the time of filing the answer; (4) **it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim**; (5) it is **against an opposing party in the same capacity**; and (6) it **does not require for its adjudication the presence of third parties** over whom the court cannot acquire jurisdiction. *Id.* If a claim

**meets these elements it must be asserted** in the initial action. *Id.* A Defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions. *Id.* (Emphasis added)

In the first lawsuit, WF admitted it accelerated the note and deed of trust. See Appendix 4, Exhibit B. Contrary to WF position, this court did actually find the note and deed of trust were accelerated. See (Orrison's affidavit is attached as Exhibit "F" to Plaintiff's Exhibit "B" attached hereto). See also the First District Court of Appeals opinion acknowledging the note and deed of trust had been accelerated (under Personal Knowledge heading). The 2007 suit was a declaratory judgment suit challenging the chain of title and the equitable cancelation of the note and deed of trust, Plaintiff's rights to a tax deferment and DTPA claims. WF moved for MSJ claiming that two assignments dated March 23, 2009, were true and correct assignments, that it was the owner and holder of Koonce's note and deed of trust, and requested a right to foreclose Koonce property, which the trial court granted and this Court affirmed. The disposition of that case was final, and WF cross-claims were compulsory as it was within the jurisdiction of this

Court; (2) it was not the subject of any other pending action at the time WF filed its answer; (3) the action was mature and owned by the pleader at the time of filing the answer (See Appendix 4, Jill Orrison's affidavit); (4) it arose out of the transaction or occurrence that was the subject matter of the opposing party's claim (Appendix 4); (5) it was against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

Alternatively, if the court were to deny Koonce claims, the compulsory claims were present during the third lawsuit, which was taken to SJ in favor of WF, which WF now relies upon in claiming the note and deed of trust were not accelerated on December 20, 2006, or alternatively March 21, 2007.

**Koonce has standing to assert the assignments are void:**

Koonce's standing is not derived from breaches of the PSA, rather, he challenges WF's standing to foreclose because the assignments were void ab initio. *Miller v. Homecomings Fin., LLC,* 881 F.Supp. 2d 825, 831 (S.D. Tex. 2012) and *In re Saldivar*, No. 11-10689, 2013 WL 2452699, *4 (Bankr. S.D. Tex. June 5, 2013); (holding New York trusts (substantively the same as the ones

at issue here) were not the owners of notes when the notes were purportedly transferred to the trusts after their startup dates. WF does not dispute this fact. Koonce has a right to challenge any defect in chain of title, or defect in who actually owns and holds the Note, or any other issue which would render the assignment void ab initio, including evidence of which entity was required to be in the chain of title.

In Miller, supra @832, the court specifically found:

> "**Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose**. *See Martin v. New Century Mortgage Co.,* 377 S.W.3d 79 (Tex.App.-Houston [1st Dist.] 2012); *Austin v. Countrywide Homes Loans,* 261 S.W.3d 68 (Tex.App.Houston [1st Dist.] 2008); *Leavings v. Mills,* 175 S.W.3d 301 (Tex.App.Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone,* 99 S.W.3d 263 (Tex.App.-Eastland 2003); *Priesmeyer v. Pacific Southwest Bank, F.S.B.,* 917 S.W.2d 937 (Tex.App.-Austin 1996). Federal district courts in this state have also entertained chain of title claims by mortgage debtors challenging foreclosure proceedings. *See Millet v. JP Morgan Chase, N.A.,* 2012 WL 1029497, *4 (W.D.Tex. Mar. 26, 2012);*Norwood v. Chase Home Finance LLC,* 2011 WL 197874 (W.D.Tex. Jan. 19, 2011). Nor is Texas alone among non-judicial foreclosure states in permitting such suits. *U.S. Bank Nat'l Ass'n v. Ibanez,* 458 Mass. 637, 941 N.E.2d 40, 53 (2011).
>
> After all, **the argument apparently goes, the Millers owe the money to *somebody*. In truth, the potential**

**prejudice is both plain and severe — foreclosure by the wrong entity does not discharge the homeowner's debt**, and leaves them vulnerable to another action on the same note by the true creditor. **Banks are neither private attorneys general nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust. MasterCard has no right to sue for debts rung up on a Visa card, and that remains true even if MasterCard has been assigned the rights of another third party like American Express. Unless and until a complete chain of transactions back to the original lender is shown, MasterCard remains a stranger to the original transaction with no claim against the debtor.**

WF cited *Reinagel v. Deutsche Bank Nat'l Trust Co*, 735 F.3d 220 (5th Cir. 2013), as authority claiming that the transfer of the mortgage after the start up date is voidable, rather than void. This is an incorrect holding under New York law[19]. Under New York Law, any transaction in violation of the trust agreement is void. New York Estates, Powers, and Trust Law § 7-2.4. Under New York law, an attempted transfer to a trust that fails to specify the trust and the beneficiary is an ineffective conveyance. *See Wells Fargo Bank, N.A. v. Farmer*, 19 Misc. 3d 1141(A) (N.Y. Sup.Ct. 2008). In other

---

[19] Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL §7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void. Wells Fargo Bank, NA v. Erobobo, 2013 NY Slip Op 50675 (N.Y. Supreme 2013)

words, trust property cannot be held with incomplete (including blank) endorsements and assignments that do not indicate that the property is held **in trust** by a trustee for a **specific beneficiary**.

In accordance with the above analysis, two courts have held that New York trusts substantively the same as the ones at issue here were not the owners of notes when the notes were purportedly transferred to the trusts after their startup dates. *See In re Saldivar*, No. 11-10689, 2013 WL 2452699, *4 (Bankr. S.D. Tex. June 5, 2013); *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079, 1097 (Cal. App. [5th Dist.] 2013).

*Saldivar* involved a New York trust and a PSA that were substantively the same as the trusts and PSAs at issue here. *See* 2013 WL 2452699 at *1-*2. The defendants in *Saldivdar* argued that, because their note had been transferred to the trust <u>after</u> its startup date that transfer was void and the trust did not own the note. The bankruptcy court agreed with this reasoning, holding that that "under New York law, assignment of the [defendants'] Note after the start up day is void *ab initio*." *Id.*

*Glaski* also involved a trust that, like the ones at issue here, was formed under New York law and subject to IRS requirements

for REMIC trusts; the court reached the same conclusion as in *Saldivar*:

> "[W]e join the position stated by a New York court approximately two months ago: "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. [New York Estates, Powers & Trust Law] § 7–2.4. Therefore, the acceptance of the note and mortgage by the trustee after the date the trust closed, would be void.".

*Glaski*, 218 Cal. App. 4th at 1097.

WF urges this Court to ignore the PSA which specifically states that New York law applies, and asks this Court to rely upon a bad decision, that doesn't follow the PSA or the law, and inappropriately relies upon Texas law. Luckily, the 14th District Court of appeals has resolved this issue in favor of New York law. "[I]n reviewing the substantive contract law, we do not apply Texas law because the parties' Agreement is governed by New York law. Home Loan Corp. v. JP Morgan Chase, 312 SW 3d 199, 204 (Tex.App.—Houston [14th Dist.] 2010). WF judicially admitted at page 29 of its response that assignments are contracts, but is wrong that Koonce is a stranger. He signed a D/T, allegedly the same document WF seeks to enforce. He signed a Note, the same note WF is allegedly seeking to enforce.

He's not a stranger to the contract. WF ignores well established Texas law giving homeowners the right to challenge the chain of title, and cites Leavings v. Mills, which only supports Koonce's position.

Furthermore, Koonce isn't seeking to enforce any contract via assignments, he's simply saying the assignments are void under NY Law because the assignments were deposited in the Trust after its closing date in contravene of the Trust documents. As such, it's void.

WF claims that deeds procured through means of fraud are voidable[20]. However, in Koonce's case, he has repeatedly stated that the parties who signed the assignments had no authority to do so, that there's a break in the chain of title and chain of endorsements, the assignments are void, completely made up. He never claimed the deed was void, he claimed the assignments are void. A party has standing to assert a break in the chain of title and to ensure that the proper party is being paid. Paying the wrong party has great consequences and does not alleviate a person's obligation under the note. See *Miller v. Homecomings Fin., LLC,* 881 F.Supp. 2d 825, 831

---

[20] Argent Mortgage is no longer in existence, a convenient fact for WF.

(S.D. Tex. 2012)

WF's claims are without merit.

**WF has a broken chain of title and chain of endorsements, the Allonge was not attached to the note as required by Texas law.**

WF claims it has an unbroken chain of assignments and therefore has clear title. This is a falsehood. There no evidence to show the Ameriquest ever purchased the note and deed of trust. There's literally two sets of different assignments, each set containing two different dates i.e., 3/27/09 and 2/17/05 making each suspect. See App.16 and 17 respectively. In fact, WF own MSJ, App.4,Ex."A", clearly shows no allonge attached to it. Koonce asks this Court to take judicial notice of this document on file in this Court records under Case No. 01-10-00194-CV. "A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation. U.C.C. cmt. 1, TEX. BUS. & COMM.CODE ANN. § 3.201 (Vernon 2004). Negotiation is the "transfer of possession of an instrument ... by a person other than the issuer to a person who thereby becomes its holder." TEX. BUS. & COMM.CODE ANN. § 3.201(a); *SMS Fin.,* 167

F.3d at 238. "[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." TEX. Bus. & COMM.CODE ANN. § 3.201(b); *SMS Financial,* 167 F.3d at 238; *Jernigan v. Bank One, Tex., N.A.,* 803 S.W.2d 774, 776 (Tex.App.-Houston [14th Dist.] 1991, no writ). The **indorsement must be written** by or on behalf of the holder **and on the instrument or on a paper so firmly affixed to it as to become part of it**. *Jernigan,* 803 S.W.2d at 776. If an instrument not in the possession of the original holder lacks a written indorsement and proof of the chain of title, the person in possession does not have the status of a holder. *See* id. at 776-77." Leavings v. Mills, 175 SW3d 301, 309 (Tex.App. – Houston [1st Dist.] 2004). WF judicially admitted they do not own the note when they filed the Note without the allonge.

**WF HAS NO JUDICIABLE INTEREST, DOES NOT HAVE STANDING, DOESN'T OWN THE NOTE**

WF claims because it filed with the County clerk an assignment, it has the right to foreclose. First, the D/T is the instrument to enforce the note. As stated above, the note wasn't properly transferred to WF because the allonge was not attached to

the Note and the note is payable to Argent Mortgage Company, LLC, which no longer exists. Furthermore, there's never been any proof that anyone endorsing the note had authority to do so. All documents are fraudulent as Koonce has maintained since the beginning.

Furthermore, WF was paid by the Radian Guarantee insurance policy and therefore there no judicial interest to litigate i.e., it has no damages. It's already been compensated. WF does not dispute this fact.

**Tex. Civ. Prac. & Rem. Code § 16.064(a) does not apply.**

WF argument is completely without merit. First, a district court is a correct court of competent jurisdiction, and WF admitted when it admitted that the federal judge rejected their remove. See WFR 100, 103, Para.10. State law is what applies, and state jurisdiction.

Secondly, and more importantly, this case was nonsuited on November 17, 2011, more than 4 years ago, well beyond the saving grace set forth in Tex. Civ. Prac. & Rem. Code § 16.064(a). More

importantly, WF intentionally filed in the wrong case, and therefore it does not apply.

By invoking this statute, WF judicially admitted that the trial court did not have jurisdiction. There excuses are not sound, and they have no case law to support their position. All cases involving invoking of this statute have to do with accidentally filing in the wrong court and that court lacked jurisdiction over the parties, proceedings or subject matter. It is not for cases where jurisdiction was challenged because the case was nonsuited 4 years earlier. Such position is absurd, and it would eviscerate the purpose of the statute. As stated in detail above, they are prohibited from multiple lawsuits involving the same party, especially those simultaneously pending in two separate courts. WF claims Koonce cites no case law, so claim is waived. This is a case of first impression and therefore there's been no waiver as no case law exists as pointed out by WF. RB, P.38. However, WF may have waived any defense by not briefing this claim, i.e., citing a specific case in which a nonsuit was filed 4 years earlier, and a plea to the jurisdiction based on that nonsuit which was granted, extend the statute as provided by 16.064(a). This is not the purpose of the statute. It was never

intended to allow a party to refile after a case was nonsuited more than 4 years earlier, and the trial judge refusing to dismiss the nonsuited case.

**DUE PROCESS CLAIMS:**

WF arguments are without merit. Koonce clearly explains, and reiterates above, that the docket showed the case dismissed pursuant to the nonsuit. Again, there's no case directly on point that Koonce can find. The problem is the change in the status of the case, appears to be a result of an ex parte communication between Judge Sandill and WF. We do not know why it was changed. Furthermore, the point was changing a case from disposed of final, to active, without giving notice, does violates ones due process rights. It doesn't actually give notice to a party to be heard, or even have suspicion the case is still pending. As stated above, Judge Sandill admitted that Koonce's case was extinguished in its entirety at the 8/12/12 hearing (App.22).

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has

90

already acquired in specific benefits." Board Of Regents Of State Colleges v. *Roth,* 408 U.S. at 576, 92 S.Ct. 2701.

"Liberty" and "property" are broad and majestic terms. They are among the "[g]reat [constitutional] concepts . . . purposely left to gather meaning from experience. . . . [T]hey relate to the whole domain of social and economic fact, and the statesmen who founded this Nation knew too well that only a stagnant society remains unchanged." *National Ins. Co.* v. *Tidewater Co.,* 337 U. S. 582, 646 (Frankfurter, J., dissenting)

In Kelly v. Dept. of Agriculture, Slip Copy, 2007 WL 786351, the court held, "the introduction of new and material information by means of ex parte communications to the deciding official undermines the public employee's constitutional due process guarantees of notice," and that "ex parte communications rising to the level of a procedural due process violation cannot be excused as harmless error."

Changing the status, after admitting the case was dismissed in its entirety, and after Judge Baker denied a plea in abatement arguing that the second lawsuit had dominate jurisdiction and that

motion was denied, makes it very suspicious that the court and WF are in bed together in this case and Koonce due process rights have been violated ad initio.

## PRAYER

For the above reasons, Relator requests that this court reverse and rendered that the case was dismissed in its entirety on November 17, 2011, that Judge Sandill sign a order so stating, the court and order the trial court and the Honorable R.K. Sandill written statements explaining, when, how and why the status was changed, on how's authority and what prompted the change; produce phone records for Judge Sandill, Chris Daniels or any other court member/clerk, including any messages, emails, or other forms of communication between November 17, 2011 up to the time the change was made; and last, but not least, show what happened to Wells Fargo's exhibits to its motion for summary judgment in the first case, which went up on appeal before this court which confirmed the mortgage had been accelerated, and for such other and further relief as the court deems just and proper.

Dated: December 14, 2015

Word Count: 17,479

Respectfully submitted,


 /s/ Ernest Ray Koonce
Ernest Ray Koonce


CERTIFICATE OF SERVICE

Pursuant to Rule 21(a) of the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document has been sent to the following via efiling; additionally, the 127th District Clerk was advised via telephone that this Mandamus was being filed:

Bradley Chambers
Texas Bar No. 2400186
Valerie Henderson
Texas Bar No. 24078655
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
vhenderson@bakerdonelson.com


 /s/ Ernest Ray Koonce

APPENDIX 19

| | | |
|---|---|---|
| ERNEST RAY KOONCE, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| HOMEQ SERVICING, WELLS FARGO | § | HARRIS COUNTY, TEXAS |
| BANK, N.A., OCWEN LOAN | § | |
| SERVICING, LLC, THOMAS E. REDER | § | |
| OR REX KESLER, PARK PLACE | § | |
| SECURITIES, INC. MANN & STEVENS, | § | |
| P.C., AND JOHN DOE 1 - 100, | § | |
| | § | |
| **Defendants.** | § | 127TH JUDICIAL DISTRICT |

## WELLS FARGO, AS TRUSTEE'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION

TO: Pro Se Plaintiff, ERNEST KOONCE, 15938 Fleetwood Oaks Drive, Houston, Texas 77079.

Pursuant to the Texas Rules of Civil Procedure, Wells Fargo Bank, N.A., as Trustee under the Pooling and Servicing Agreement Dated as of April 1, 2005, Asset Backed Pass-Through Certificates, Series 2005-WHQ2 ("Defendant"), Defendant / Counter-Plaintiff in the above-entitled and numbered cause, serves this its Response to Plaintiff Ernest Koonce's Request for Production.

Respectfully submitted,

By: */s/ Valerie Henderson*
**Bradley Chambers**
Texas Bar No. 24001860
**Valerie Henderson**
Texas Bar No. 24078655
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WHQ2**

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, a true and correct copy of the foregoing was served on the following via certified mail, return receipt requested and via regular, US mail, pursuant to the Texas Rules of Civil Procedure:

Ernest Ray Koonce
15938 Fleetwood Oaks Dr
Houston, TX 77079
*Via CMRRR #7014 2870 0000 2456 5278 and Regular Mail*
PRO SE

*/s/ Valerie Henderson*
Valerie Henderson

2

**REQUEST FOR PRODUCTION NO. 1:**  A true, correct  and complete copy of the Pooling and Servicing Agreement for Wells Fargo Bank, NA, as Trustee under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates 2005-WHQ2.

**RESPONSE**  Defendant objects to this request because it is irrelevant and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 2:**  A true, correct and complete copy of the Mortgage Loan Purchase Agreement between Argent and Wells Fargo Bank, NA and/or Wells Fargo Bank, NA, as Trustee under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 which included plaintiff's mortgage loan.

**RESPONSE**  Defendant objects to this request because it is irrelevant and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 3:**  A true, correct and complete copy of the Mortgage Loan Purchase Agreement between Argent and PARK PLACE SECURITIES, LLC, which included plaintiff's mortgage loan.

**RESPONSE**  Defendant objects to this request because it is irrelevant, overbroad, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 4:**  A true, correct and complete copy of the Custodian File regarding Plaintiff's mortgage loan.

**RESPONSE**  Defendant objects to this request because it is vague and irrelevant.

**REQUEST FOR PRODUCTION NO. 5:**  All documents showing the identity of the Depositor who had authority to transfer any mortgage loan to Wells Fargo Bank, NA, as Trustee under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 which included plaintiff's mortgage loan.

**RESPONSE**  Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 6:**  A true, correct and complete copy of all documents showing delivery of plaintiff's mortgage loan to Wells Fargo Bank, NA, as Trustee under a Pooling and Servicing Agreement dated as of April, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2

**RESPONSE**  Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 7:** A true, correct and complete copy of all documents showing date of delivery, if any, of plaintiff's deed of trust to Wells Fargo Bank, NA, as Trustee under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 8:** A true, correct and complete copy of all documents showing delivery of plaintiff's Note, if any, to Wells Fargo Bank, NA,as Trustee under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 9:** A true, correct and complete copy of all notes, correspondence, or other documents relating specifically to the alleged purchase of plaintiff's note and deed of trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 10:** A true, correct and complete copy of all the deposition of Mr. John Kennerty, which was given In Re Cynthia Carrsow-Franklin ("Franklin"), Chapter 13, Case No. 10-20010 (RDD) and identified by the Bankruptcy Judge, the Honorable ROBERT D. DRAIN in his opinion order of January 28, 2015.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, and overbroad.

**REQUEST FOR PRODUCTION NO. 11:** A true, correct and complete copy of all documents showing the formation of the Trust under a Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005 WHQ2.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 12:** A true, correct and complete copy of all documents showing the exact date the Trust for the Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 was formed.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 13:** A true, correct and complete copy of all documents

4

showing delivery of plaintiff's Note, if any, to any entity from Argent Mortgage Company, LLC, the originator of Plaintiff's mortgage.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 14:** A true, correct and complete copy of all documents showing delivery of plaintiff's deed of trust, if any, to any entity from Argent Mortgage Company, LLC, the originator of Plaintiff's mortgage.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 15:** A true, correct and complete copy of all notes, or other documents relating to Plaintiff's mortgage.

**RESPONSE** Defendant objects to this request because it is vague, overbroad, unduly burdensome, and irrelevant. Subject to and without waiving the foregoing objections, Defendant will supplement.

**REQUEST FOR PRODUCTION NO. 16:** A true, correct and complete copy of all transactional history, accounting records and other documents showing a complete account history of plaintiff's mortgage file from funding to and including the present.

**RESPONSE** Defendant objects to this request because it is vague and overbroad. Subject to and without waiving the foregoing objections, Defendant will supplement.

**REQUEST FOR PRODUCTION NO. 17:** A true, correct and complete copy of all documents explaining the transactional history, accounting records and other documents explaining all notations in the mortgage file relating to Plaintiff's mortgage.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, unduly burdensome, overbroad, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 18:** A true, correct and complete copy of all documents the policies and procedures of Wells Fargo relating to default documents, assignments and endorsements on notes, when and by whom they were assigned and endorsed during the time period from when Wells Fargo alleges to have procured Plaintiff's note and deed of trust, to and including the present.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 19:** A true, correct and complete copy of all documents showing the number of loan documents for enforcement which were processed during the time

period from when Wells Fargo alleges to have procured Plaintiff's note and deed of trust, to and including the present.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 20:** A true, correct and complete copy of all documents showing what authority Wayne Lee had to endorse the note on Argent Mortgage Company, LLC's behalf, including any Power of Attorney, Corporate charter, Resolution or any other document showing authority.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 21:** A true, correct and complete copy of all documents, including, but not limited to Power of Attorney, Corporate Charter, Corporate Resolution or other document showing what authority John Grazer had to endorse plaintiff's alleged Note on behalf of Argument Mortgage Company, LLC, attached as Exhibit "A" to Wells Fargo's motion for new trial filed in this case.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 22:** A true, correct and complete copy of all documents, including Power of Attorney, Corporate Charter, Corporate Resolution or any other document showing what authority Wayne Lee had to endorse the note on behalf of Ameriquest Company, attached as Exhibit "A" to Wells Fargo's motion for new trial in this case.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 23:** A true, correct and complete copy of all documents, including, but not limited to Power of Attorney, Corporate Charter, Corporate Resolution or any other document showing authority for Karen Christenson had to endorse Plaintiff's Alleged Note on behalf of Ameriquest Mortgage Company, attached as Exhibit "A" to Wells Fargo's motion for new trial in this case.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 24:** A true, correct and complete copy of all documents showing delivery of plaintiff's Note, if any, to Wells Fargo Bank, NA, as Trustee under a Pooling

6

and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2.

**RESPONSE** Defendant objects to this request because it is irrelevant, overbroad, vague, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 25:** A true, correct and complete copy of all documents, including but not limited to Power of Attorney, contract, Corporate Charter, Corporate Resolution, showing what authority Shandrika Anderson had to assign or otherwise act as agent for Argent Mortgage Company, LLC as identified in Exhibit "D" to the Complaint file by Wells Fargo entitled Wells Fargo Bank, NA, as Trustee under the Pooling and Servicing Agreement, asset Backed, Pass Through Certificates, series 2005-WHQ2 v. Ernest Koonce, Cause No. 4:15-cv-110; in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 26:** A true, correct and complete copy of all documents, including but not limited to Power of Attorney, contract, Corporate Charter, Corporate Resolution, showing what authority Shandrika Anderson had to assigned or otherwise act as agent for Ameriquest Mortgage Company as identified in Exhibit "D" to the Complaint filed by Wells Fargo entitled Wells Fargo Bank, NA, as Trustee under the Pooling and Servicing Agreement, Asset Backed, Pass Through Certificates, series 2005 WHQ2 v. Ernest Ray Koonce, Cause No. 4:15-cv-110, in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 27:** A true, correct and complete copy of all documents, including, but not limited to Power of Attorney, contract, Corporate Charter, Corporate Resolution, showing what authority Tonya Blechinger had to assign or otherwise act as agent for Argent Mortgage Company, LLC as identified in Exhibit "C" to the Wells Fargo's motion for summary judgment filed on March 30, 2009, in the 127th Judicial District Court of Harris County, Texas, Cause No. 2007-30212.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 28:** A true, correct and complete copy of all documents, including, but not limited to Power of Attorney, contract, corporate charter, corporate resolution of any other document showing Barclay's Capital Real Estate, Inc., was attorney-in-fact for Argent Mortgage Company, LLC.

7

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 29:** A true, correct and complete copy of all documents, including, but not limited to Power of Attorney, contract, corporate charter, corporate resolution of any other document showing the date in which Barclay's Capital Real Estate, Inc., became or otherwise authorized to act as attorney-in-fact for Argent Mortgage Company, LLC.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 30:** A true, correct and complete copy of all documents showing that Ameriquest Mortgage Company was authorized to act as depositor, or otherwise had any authority to assign or otherwise deliver Plaintiff's alleged Deed of Trust to the Asset Backed, Pass-Through Certificates, Series 2005-WHQ2, Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 31:** A true, correct and complete copy of all each and every document, contract or other agreement with the Master Servicer identified as HomEq Servicing Company in the Pooling and Assert Agreement for Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 relating to said Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 32:** A true, correct and complete copy of all documents showing the HomEq Servicing Company resigned or was otherwised removed as Master Servicer from the Asset Backed, Pass-Through Certificates, Series 2005-WHQ2, Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 33:** A true, correct and complete copy of all each and every document, contract or other agreement showing that Ameriquest Mortgage Company was succeeded as successor Master Servicer, HomEq Servicing Corporation with regard to the Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 for the Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

8

**REQUEST FOR PRODUCTION NO. 34:** A true, correct and complete copy of all each and every document, contract or other agreement showing any changes to the Trust Agreement that substituted the depositor for the Asset Backed, Pass-Through Certificates, Series 2005 WHQ2 Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, vague, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 35:** A true, correct and complete copy of each and every document showing that Wells Fargo Bank, NA as Trustee under Pooling and Servicing Agreement dated as of April 1, 2005, Asset Backed, Pass-Through Certificates, Series 2005-WHQ2 is the legal owner and holder of Plaintiff's Note and Deed of Trust.

**RESPONSE** Defendant objects to this request because it is irrelevant, overbroad, unduly burdensome, and seeks confidential and/or proprietary information. Subject to and without waiving the foregoing objections, Defendant will supplement.

**REQUEST FOR PRODUCTION NO. 36:** A true, correct and complete copy of documents show the name of each and every employee who was working on each date the alleged Note was endorsed and the Deed of Trust was allegedly assigned to any entity or person each involving plaintiff's mortgage loan.

**RESPONSE** Defendant objects to this request because it is irrelevant, overbroad, unduly burdensome, propounded solely to harass, and seeks confidential and/or proprietary information.

APPENDIX 20

CAUSE NO. 2007-30212

| | | |
|---|---|---|
| ERNEST RAY KOONCE, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| HOMEQ SERVICING, WELLS FARGO | § | |
| BANK, N.A., THE HARRIS COUNTY | § | |
| APPRAISAL DISTRICT, ET. A. | § | |
| Defendants | § | 127TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing and Wells Fargo

Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2005 Asset-

backed Pass-through Certificates Series 2005-WHQ2, Defendants in the above-styled and referenced

cause and shows unto the Court the following:

**I.**

Defendants, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing and Wells Fargo Bank,

N.A. as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2005 Asset-backed

Pass-through Certificates Series 2005-WHQ2, generally deny each and every allegation in Plaintiff's

Original Petition and demand strict proof by a preponderance of the credible evidence.

WHEREFORE, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing and Wells Fargo

Bank, N.A. as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2005 Asset-

backed Pass-through Certificates Series 2005-WHQ2 ask this Court to enter judgment that Plaintiff

take nothing, dismiss Plaintiff's suit with prejudice, assess cost against Plaintiff, and award

Defendants their attorneys' fees and all other relief to which they are entitled.

Respectfully submitted,

MANN & STEVENS, P.C.

DIANA ESTALA STEVENS
TBA No. 19180800
R. L. HORN
TBA No. 24046107
BRIAN G. CANO
TBA No. 24045613
550 Westcott Street, Suite #560
Houston, Texas 77007
(713) 293-3600
(713) 293-3636 FAX
Attorneys for **BARCLAYS CAPITAL REAL ESTATE, INC. D/B/A HOMEQ SERVICING AND WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ2**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Original Answer has been sent to opposing counsel and/or pro se Plaintiff, by first class mail, certified mail, return-receipt requested, postage prepaid as follows:

**Earnest Ray Koonce**
**15938 Fleetwood Oaks Drive**
**Houston, TX 77079**

SIGNED 15th day of August, 2007.

**Attorney for Defendants**

W:\Litigation\DES\MISC\HomEq\Koonce 150363\general denial 2.wpd

APPENDIX 21

REPORTER'S RECORD

CAUSE NO. 2010-64752

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/21/2015 6:36:30 PM

CHRISTOPHER A. PRINE
Clerk

ERNEST RAY KOONCE, AND ) IN THE DISTRICT COURT OF
JOYCE L. KOONCE, )
(DECEASED.) )
    Plaintiff, )
    )
    )
VS. ) HARRIS COUNTY, TEXAS
    )
HOMEQ SERVICING, WELLS )
FARGO BANK, N.A., OCWEN )
LOAN SERVICING, LLC, )
MANN & STEVENS, P.C. )
    )
    Defendants. ) 127TH JUDICIAL DISTRICT


*****************************************

**HEARING**

**AUGUST 31, 2012**

*****************************************


    On the 31st day of August, 2012, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable R. K. Sandill, Judge presiding, held in Houston, Harris County, Texas.

    Proceedings reported by Certified Shorthand Reporter and Machine Shorthand/Computer-Aided Transcription.

**A P P E A R A N C E S**

FOR THE PLAINTIFF:

    Mr. Ernest Ray Koonce - Pro Se
    Ms. Joyce L. Koonce - Pro Se
    15938 Fleetwood Oaks Dr.
    Houston, Texas 77079


FOR THE DEFENDANT/COUNTER-PLAINTIFF:

    Mr. Bradley Chambers - SBOT 24001860
    Ms. Valerie Henderson - SBOT 24078655
    BAKER, DONELSON, BEARMAN, CALDWELL
       & BERKOWITZ, P.C.
    1301 McKinney Street
    Houston, Texas 22010
    Phone:  713-650-9700

**P R O C E E D I N G S**

THE COURT: Cause No. 2010-64752, Ernest Ray Koonce versus Barclays Capital Real Estate Inc, et al.

Counsel, please make your appearance.

MR. CHAMBERS: Brad Chambers on behalf of Wells Fargo Bank, N.A.

MS. HENDERSON: Valerie Henderson on behalf of Wells Fargo.

MR. KOONCE: Ernest Ray and Joyce L. Koonce, plaintiff.

THE COURT: Pro se -- appearing pro se, correct?

MR. KOONCE: Appearing pro se.

THE COURT: We are here on -- I think it's a cross motions, kind of a motion to dismiss and you're trying to figure out why this case isn't gone; right, Mr. Koonce?

MR. KOONCE: That is right, yes, sir.

THE COURT: And you guys are trying to consolidate this with the prior filed action?

MR. CHAMBERS: Yeah. And, Judge, very candidly, what I want to do is just get this under one tribunal. I'm not trying to dismiss or get rid of any -- just trying to not have two parallel trial settings.

THE COURT: Correct me if I'm wrong, Mr. Koonce, you filed the motion to nonsuit?

MR. KOONCE: Yes, sir.

THE COURT: And within 30 days you-all filed the counterclaim?

MR. CHAMBERS: That's correct.

THE COURT: And that's why I think it's still pending because they have a live action. I retain 30 days -- I know you may not be familiar this, but you are probably a better lawyer than I am.

MR. KOONCE: Plenary power. I wish.

THE COURT: Yeah, my plenary power goes on for 30 days after you nonsuit the case and within that plenary power they filed a live action against you.

MR. KOONCE: Except that the Supreme Court has said that a case once it's nonsuited is extinguished from the moment of filing.

MR. CHAMBERS: I disagree. It's within your plenary power.

MS. KOONCE: May I interrupt here? After seeing you for two and a half years but --

THE COURT: It's been two and a half years?

MS. KOONCE: The condition I am in now is a result of this ongoing matter. These gentlemen are not trying to consult -- to consolidate the loan because

there are two pending. First of all, this one was not suited (sic.) The other case is pending in the 295 because Judge Baker elected to keep it. This is a credibility problem, not a standing problem.

THE COURT: Okay. So Judge Baker has a later filed case; is that correct?

MR. CHAMBERS: I believe that's correct. And, Judge, let me just state, frankly, I am not trying to form shop and, candidly, I don't care whether it's in Judge Baker's court or your court. I just think we need to get the claims in one court and we can start --

MS. KOONCE: I beg to differ with that because Judge Baker has already denied you in the 295 for this request to file your countersuit for this four-year statute that you're trying to save. That's the way it comes across. She denied them and she denied us.

Are you getting this? I need this on record.

THE COURT: It's on the record.

MS. KOONCE: Thank you. Now, we do definitely have a credibility problem for somebody on this -- the defendant's side. I do not know who walked into your court and the record was changed to show Mr. Koonce's record was on record on 11/17/12. Someone

changed it from a final to a partial. Unless we're going to argue, the Texas Supreme Courts have already ruled this case is dead. If they wanted another case, they should have gone and filed a new case in their name and filed their claim for the four years -- I'm sorry -- for the counterclaim.

I do not understand what is going on here. How can someone from the other opposing side, if that is who did it, change our nonsuit action from a final to a partial. Then they countersued, then they drag us to the Federal court. They saw through it and remanded it back.

Now the problem here is not these people. They're the fifth attorneys that we've had to deal with and it's ongoing. We will cover these issues in the 295. I'm sorry if they can't get their countersuit in. They had five years to do it while you had the case in your court. It was compulsory, they didn't file it, I'm sorry. We didn't even really realize and we got other issues that go to credibility. The whole time we're in your court, never did they produce any assignments for you to look at. Those assignments are dated 2/5 of '05. They brought to your court in the way of summary judgment evidence and an assignment from Ocwen to Wells Fargo. I have dissected the pooling agreement. That is

not the proper chain. You looked at that PSA, the 458 pages, remember, and said you couldn't find Mr. Koonce's name. The reason you couldn't is because they didn't attach the mortgage loan schedule. You would never have found it and they knew it. It was filed manually with the SEC. It was not filed with the 458 page. I'm sorry.

THE COURT: It's okay.

MS. KOONCE: I've had it. If you want to rule in their favor, so be it. I know how to handle that, too, because we have not done anything wrong. This case in the 64752, we had the conversation detailed history that clearly says they knew they couldn't foreclose but they went ahead and attempted to post it anyway trying to find the missing assignments because that's what it said. They were missing, they didn't have them and they didn't have them when they were in your court. This is a mess, but I've got to have a break from this case.

THE COURT: I understand, ma'am.

Mr. Chambers.

MR. CHAMBERS: My limited point is I'm trying to get this under one tribunal to clear up all these issues.

THE COURT: I understand.

Mr. Koonce, were you about to hand me a case?

MR. KOONCE: Well, I have one here.

THE COURT: Let me look at that. I'm under the opinion I retain plenary jurisdiction.

MR. CHAMBERS: It's my understanding, as well. And if the court wants a brief on that, we'll provide briefing on that.

MS. KOONCE: Why didn't we file something to that effect instead of immediately filing it and rushing it -- the 30 days to the Federal court because they knew it had already been denied and it makes no difference, you know, other than you not being able to get your suit in, I agree; but we already have these issues in the 295 and this little conspiracy we've got going here. Sorry.

Do you have something for -- that's in addition to all of that stuff that we gave to you to show that we don't have to pay any attention to the Texas Supreme Court?

THE COURT: Let me look at this. I'm looking at this language and I am not -- I know of this case, I'm not familiar with it, but there's language (reading) Rather, the court must retain certain limited authority to dispose of the case following a nonsuit and

today we hold that this includes the necessary authority to enter dismissal with prejudice.

Now I need to know -- and I skimmed it, as you can tell. I'm trying to figure out what other -- because usually under our procedure in Texas, I retain plenary power for 30 days and so the issue is -- and I've always been under the impression that that means for any purpose because -- for instance, there's many instances where a plaintiff when there's a minor involved, the plaintiff will have settled the case with the defendant and never sought the court's approval of the minor settlement. So they will have filed a nonsuit and I will vacate the nonsuit as soon as I see it because to me I have the right to strike the nonsuit because I have an inherit jurisdiction.

MS. KOONCE: That's exactly the point I was waiting for you to make.

THE COURT: But the concern here is you're forwarding the proposition that the nonsuit moots my jurisdiction and so --

MR. KOONCE: No, sir, not at all.

THE COURT: Except for certain reasons.

MS. KOONCE: No. We're saying you have an opportunity within 30 days to review the laws that are in effect. These two Texas Supreme Court laws, plus the

extra one I gave you, rules it out. It has been extinguished. It is not by any means taken away --

THE COURT: And I agree with you, Ms. Koonce, it extinguishes the live controversy. That's what this case does is it extinguishes the live controversy. And this is procedural and this is mcuh more -- I'm letting you-all look into this because I don't know if anyone's ever actually looked at this, but I just need to know whether or not when it -- it's one thing to extinguish the controversy, it's another thing to extinguish my plenary power. Those are two separate and distinct issues.

MR. KOONCE: We are not -- that's not the point of these cases. Your plenary power is not at all in question on this thing. The issue is the nonsuit, this is another case that backs up that.

MS. KOONCE: What other reason would you use your plenary power for except to review the case and say --

THE COURT: But the concern becomes -- and this is -- I'm just talking procedure now, but the concern becomes under Texas procedure they could -- a lot of things could happen. I mean, you could file a motion for nonsuit and then you could file a motion for new trial for some reason. Let's say for some reason

you mistakenly -- or you moved to strike the nonsuit. The issue is if you move to strike the nonsuit, does that undo the nonsuit?  Under your theory it doesn't, the nonsuit stays alive.  And I can't speak to it because I'm not educated on it.

MS. KOONCE:  Why don't we stay with the facts of what was --

THE COURT:  Have you seen the cases, Mr. Chambers?

MR. CHAMBERS:  I will look at it.

THE COURT:  If you'll take down the cites and look at them.  If, Mr. Koonce, if you'll give him your e-mail address.

MR. CHAMBERS:  I've got it.

THE COURT:  If you guys want to -- if you want to exchange some briefing -- you know how to fax-file, right, Mr. Koonce?

MR. KOONCE:  Yes, sir.

THE COURT:  I'll look at this.  I'll give you guys about ten days to brief it.  Just e-mail Donnie when everyone's happy with their briefing and then I'll look at it.

MR. CHAMBERS:  Thank you.

MR. KOONCE:  Thank you, Your Honor, appreciate you.

THE COURT:  Ms. Koonce, I hope you feel better.

MS. KOONCE:  It's going to be a long time. That 500,000 is going to look great to them.

(Recessed.)

REPORTER'S RECORD

CAUSE NO. 2010-64752

```
                              )
ERNEST RAY KOONCE, AND        )   IN THE DISTRICT COURT OF
JOYCE L. KOONCE,              )
(DECEASED.)                   )
     Plaintiff,               )
                              )
                              )
VS.                           )   HARRIS COUNTY, TEXAS
                              )
HOMEQ SERVICING, WELLS        )
FARGO BANK, N.A., OCWEN       )
LOAN SERVICING, LLC,          )
MANN & STEVENS, P.C.          )   127TH JUDICIAL DISTRICT
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE STATE OF TEXAS :
COUNTY OF HARRIS :

I, SUZANNE G. SAULSBERRY, Official Reporter, in and for the 127th Judicial District Court of Harris County, Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that the total cost for the preparation of this Reporter's Record is $84.00 and will

be paid by Pro Se, Mr. Ernest Ray Koonce.

Witness my OFFICIAL HAND this the 13th day of April, 2015.

/s/ Suzanne G. Saulsberry

_____
SUZANNE G. SAULSBERRY, CSR, RPR, CRR
Official Court Reporter
127th Judicial District Court
Texas CSR No. 6579
Expiration Date: 12/31/15
201 Caroline Street, 10th Floor
Houston, Texas 77002
Phone: 713-368-6168

APPENDIX 22

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 2010-64752

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/2/2015 3:26:03 PM
CHRISTOPHER A. PRINE
Clerk

ERNEST RAY KOONCE ) IN THE DISTRICT COURT
)
vs. ) HARRIS COUNTY, TEXAS
)
HOMEQ SERVICING, )
WELLS FARGO BANK, N.A., )
OCWEN LOAN SERVICING, LLC,)
THOMAS E. REDER OR )
REX KESLER, PARK PLACE )
SECURITIES, INC. )
MANN & STEVENS, P.C., )
AND JOHN DOE 1-100 ) 127TH JUDICIAL DISTRICT

_____

**MOTION TO REINSTATE**

_____

On the 13th day of February, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Ravi Sandill, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

Valerie Henderson
SBOT NO. 24078655
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1301 McKinney Street
Suite 3700
Houston, Tx 77010
Telephone: 713.650.9700
Fax: 713.650.9701
Counsel for Wells Fargo Bank, N.A. as Trustee

Ernest Ray Koonce
15938 Fleetwood Oaks Drive
Houston, Tx 77079
Telephone: Telephone
Fax: Fax
E-mail: E-mail
Pro Se

THE COURT: Cause No. 2010-64752, Koonce versus Capital Real Estate, Inc. et al. Mr. Koonce, you are appearing pro se? Hello?

MR. KOONCE: I'm sorry. I had to pick the phone up. Can you hear me now?

THE COURT: Mr. Koonce, are appearing pro se today?

MR. KOONCE: Yes.

THE COURT: Counsel for, I think, Wells Fargo?

MS. HENDERSON: Yes, sir. Valerie Henderson for Wells Fargo, Trustee.

MS. ROBINSON: Terri Robinson also for the trustee.

THE COURT: Okay. The concern in this case is -- and I think I cited Mr. Koonce after evaluation, is sued Wells Fargo Bank, N.A. You guys answered as Wells Fargo Bank as Trustee. He nonsuited every single party that he sued. You guys answered as a party that he didn't sue.

MS. HENDERSON: Well, Your Honor, based on my reading of the petition, he sued Wells Fargo, N.A. and Wells Fargo as Trustee.

THE COURT: Do you have the petition?

MS. HENDERSON: I don't know if I do, Your

Honor. Here it is. First page -- and the second paragraph he listed Wells Fargo N.A.. And then next he goes on to specifically name Wells Fargo N.A. Trustee, with that lengthy name.

THE COURT: Where?

MS. HENDERSON: At the very bottom of the page and continues on to the second page.

THE COURT: Did he get a default for both N.A. and trustee?

MS. HENDERSON: I don't think he actually served Wells Fargo, N.A., but since he named both parties when he nonsuited the case, he made it clear -- to nonsuit the entire case, he needed to nonsuit both Wells Fargo, N.A. and Wells Fargo as Trustee. And there is case law, Your Honor, that if a party is suing in two different capacities --

THE COURT: I understand that. That's not my argument. You guys answered as a party that he didn't sue.

THE COURT: Mr. Koonce, anything on that?

MR. KOONCE: Just that we served citation on the N.A., Wells Fargo Bank, N.A., in Portland, Oregon. I never served citation on the trust. In fact, they are the same entity anyway.

THE COURT: Let me ask this question.

Mr. Koonce, in his response that he had been sued in Federal Court by Wells Fargo. Is what Wells Fargo, N.A., or Wells Fargo Trustee?

MS. HENDERSON: We filed a suit by Wells Fargo as the trustee.

THE COURT: So, are you abating that suit now if that suit goes forward?

MS. HENDERSON: Yes, Your Honor. We just filed that to preserve our rights under CPRC64, which allows us to refill this case for dismiss for want of jurisdiction.

THE COURT: You guys just don't want to amend it?

THE COURT: Mr. Koonce, --

MR. KOONCE: Yes, sir.

THE COURT: -- do you have any response? I mean, it looks like -- and I hadn't read -- I went by -- I know exactly what you were thinking. So, I looked at it and I agree with you, but I think you did -- looks like you in the original petition -- I don't know -- was there an amended petition at any point?

MR. KOONCE: No, sir. We sued Wells Fargo Bank, N.A.. And only because they kept coming back with that long drawn out trustee designation by just

simply followed suit behind what they were saying trying to cover my basis as, in fact, their own paperwork shows that the LLC of their November 15, 2006 --

THE COURT: So, Wells Fargo Bank still made an appearance?

MS. HENDERSON: Yes, Your Honor.

MR. KOONCE: Sir?

THE COURT: Who answered?

MR. KOONCE: Right. Wells Fargo as Trustee answered.

THE COURT: No. Wells Fargo Bank, N.A. they filed the motion.

MR. KOONCE: Yes, Your Honor.

THE COURT: Okay. See, this is the confusion part. On August the 12th you guys answered as Wells -- used the title -- I'm not saying this is right. I don't know. According to the new Supreme Court case that came out, I don't know if I look at the caption anymore, if I look at substance of the argument. But the caption says "Wells Fargo Bank N.A.'s motion."

MR. KOONCE: The caption says that, Your Honor?

THE COURT: Then it goes down underneath,

the substance of it, as trustee, but...

MR. KOONCE: Well, I believe we filed that motion as -- in the trustee capacity with the lengthy name in the motion. That's been a few days ago, so...

THE COURT: It has been.

MR. KOONCE: Your Honor, if you would look at Exhibit C of their motion for new trial --

THE COURT: Yes.

MR. KOONCE: -- you will see that they sent a paper to me on November 15th, 2006, and claimed that the current creditor/owner was Wells Fargo Bank, N.A..

THE COURT: I understand that, Mr. Koonce. The issue here is, when you pled your lawsuit, you included Wells Fargo Bank Trustee as a defendant. Because if you look at Paragraph 2 -- I don't know if you have your file in front of you, but Paragraph 2 under Fact, actually labeled No. 2, under Section B, defendant citing this application include Wells Fargo Bank, N.A., as Trustee. And that's the issue here. The issue is, you did not include them in the lawsuit but you nonsuited everyone in the style, but they are not -- at the same time, you know, they are not in your A introduction but they are in your B

facts. So, you know, in the state, we take -- it's a notice-pleading state. So I take notice of the pleading, I have to construe it liberally. And if you were to say, Judge, hey, we -- you know, we served them and they never answered, I would have to grant a default against them because they are included as a defendant. At the same time, because you included them as a defendant and didn't nonsuit them, they live as a defendant. And now they live as a counter claimment, so --

MR. KOONCE: Your Honor, at best this is nothing but misnomer, which the courts have addressed over and over.

THE COURT: I'm happy -- I am happy to grant the new trial. And you have a right -- you now have a right automatically allege the alternative, so you can mandamus me on the issue. I'm more than willing to be mandamused on this issue, because I want to agree with you, but I don't think I can. So...

MR. KOONCE: What about -- you're saying, then, that you are going to grant them a new trial?

THE COURT: Right. And you can --

Is your new trial order defendable --

MR. KOONCE: Yes

THE COURT: -- on appeal? Because I'm not not -- it doesn't matter to me, but I mean, it probably matters to you.

MS. HENDERSON: The way that it's worded, Your Honor, is that it grants the motion for new trial and then, consequently, denies their motion.

THE COURT: It has to give a reason.

MR. KOONCE: Okay. We can submit a new order.

THE COURT: Okay. Mr. Koonce, I'm going to do ahead and grant the new trial. I welcome a mandamus on the issue.

MR. KOONCE: All right, Your Honor. May I make a statement here for the record?

THE COURT: Please.

MR. KOONCE: First of all, I object to the jurisdiction issue here. I do not believe, according to law, the Court has plenary power at this point in time. And then I would like to yield on -- you kind of said the same thing. I would like to ask for leave to file an accelerated appealed based on that lack of jurisdiction, as well as the mandamus.

THE COURT: I believe -- I don't believe you have a right -- and I don't know. You can look

this up. But I don't believe you have a right on the plea issues because you're not a governmental entity, but you have a right to mandamus on the new trial. Is that correct? You can still mandamus me.

So, yeah, you can have a right to mandamus me on the new trial. And, like I said, I welcome it on getting some clarification on the issue.

MR. KOONCE: All right, sir. We thank you very kindly.

THE COURT: Thank you, sir, and I hope you feel better.

MR. KOONCE: Yes, thank you. Have a good day.

STATE OF TEXAS

COUNTY OF HARRIS


I, Scotty Baldwin, Official Court Reporter in and for the 127TH District Court of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 71.50   and was paid paid by Mr. Koonce.

/s/Scotty Baldwin

Scotty Baldwin, CSR
Texas CSR 1019
Deputy Court Reporter
127TH District Court
Harris County, Texas
3610 E. Peach Hollow Cir
Pearland, Texas 77584
Telephone: 713.208.9524
Expiration: 12/31/2015

Scotty Baldwin, Official Court Reporter  127th Judicial District

APPENDIX 23

CAUSE NO. 2010-64752

| | | |
|---|---|---|
| ERNEST RAY KOONCE, AND | § | IN THE DISTRICT COURT OF |
| JOYCE L. KOONCE, | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOMEQ SERVICING, WELLS | § | |
| FARGO BANK, N.A., OCWEN | § | |
| LOAN SERVICING, LLC, MANN & | § | |
| STEVENS, P.C., | § | |
|     Defendants. | § | 127TH JUDICIAL DISTRICT |

### PLAINTIFFS' NOTICE THAT A RULING ON HIS MOTION FOR ACCELERATED APPEAL IS OVERDUE AS A HEARING WAS SET BY SUBMISSION ON FEBRUARY 23, 2015, AND NOTICE THAT EVIDENCE IS MISSING IN CAUSE NO. 2007-30212 IN THE 127TH JUDICIAL DISTRICT COURT.

Comes now, Plaintiff, Ernest Ray Koonce, and files his notice to the Court that it has yet to make a ruling on his Motion for Interlocutory Appeal which was set for submission on February 23, 2015, more than 2 months ago. The Court of Appeals has inquired of Plaintiff of this court's ruling. Plaintiff therefore requests that this Court make a ruling forthwith. The appeal has already been filed in this matter, however, the Court of Appeals needs this Court's ruling.

Also, this Court originally changed the case from dismissed (final) on November 17, 2011 to active sometime in 2012. No notice, no hearing, no anything was pending before the Court to justify that change. Although inquires have been made numerous times, no one seems to have an answer. Therefore, Plaintiff requests that this Court explain why it changed the final dismissal status of the case from dismissed final on November 17, 2011, and what prompted it to do so.

Furthermore, after Plaintiff ordered certified copies of Wells Fargo's Motion for Summary Judgment and Amended Motion for Summary Judgment from this Court's records in cause no. 2007-30212, and after Koonce had brought to the attention of the Court, including the federal Court, that there are two separate assignments with two entirely different dates, one attached to Wells Fargo's Motion for Summary Judgment and Amended Motion for Summary Judgment dated March 23, 2009, just 7 days before Wells Fargo filed it's Motion for Summary Judgment, and an entirely different set of assignments dated February 17, 2005, which it attached to its federal petition, the evidence is now missing. In other words, someone in the District Clerk's office, or

more likely, the 127th Judicial District Court, intentionally removed or destroyed evidence which was attached to Wells Fargo's Amended Motion for Summary Judgment, which clearly demonstrates fraud. It's not coincidental that the very documents which support Koonce's fraud allegations are now conveniently missing from the court's records. Koonce demands that this Court provide an explanation for the missing documents as well as the change in the status on November 17, 2011 as dismissed to sometime in mid 2012 to active long after the Court lost its plenary power.

Wherefore Ernest Ray Koonce prays that this Court immediately, within 5 days of this notice that the Court's order is overdue, sign an order granting his motion for accelerated appeal, and provide an written explanation as to why and how the Court's initial dismissal of this case in it's entirety on November 17, 2011, changed from dismissed final, to active sometime in mid 2012, and what authority it had to change it, why it changed it, what prompted it to change the status, and what authority the Court had to change the status after it lost it's plenary power; an explanation as to what happened to the evidence Wells Fargo attached to its Motion for Summary Judgment and Amended Motion for Summary

Judgment in cause no. 2007-30212, and for such other and further

relief as the Court deems just and proper.


Dated:      May 6, 2015          Respectfully submitted,

                                 /s/Ernest Ray Koonce
                                 Ernest Ray Koonce
                                 15938 Fleetwood Oaks Drive
                                 Houston, Texas 77079
                                 (832)328-7171
                                 rayk469@yahoo.com


                    CERTIFICATE OF SERVICE


       The above and foregoing document was served in accordance

with Rule 21a on this 6th day of May 2015, on all interested parties

in this case.

APPENDIX 24

2/20/2015 3:23:52 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4234638
By: CABRERA, VALERY C
Filed: 2/20/2015 3:23:52 PM

Pgs-1

DISCY

CAUSE NO. 2010-64752

| | | |
|---|---|---|
| ERNEST RAY KOONCE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOMEQ SERVICING, WELLS FARGO | § | HARRIS COUNTY, TEXAS |
| BANK, N.A., OCWEN LOAN | § | |
| SERVICING, LLC, THOMAS E. REDER | § | |
| OR REX KESLER, PARK PLACE | § | |
| SECURITIES, INC. MANN & STEVENS, | § | |
| P.C., AND JOHN DOE 1 - 100, | § | |
| | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR ACCELERATED APPEAL

After considering Plaintiff/Counter-Defendant Ernest Koonce's ("Plaintiff") motion for accelerated appeal, Defendant/Counter-Plaintiff Wells Fargo Bank, N.A., as Trustee Under the Pooling and Servicing Agreement Dated as of April 1, 2005, Asset Backed Pass-Through Certificates, Series 2005-WHQ2's ("Wells Fargo, as Trustee") response, and additional briefing, if any, the Court finds that Plaintiff's motion for accelerated appeal is not meritorious and is, therefore, **DENIED** in its entirety.

SIGNED on _____, 2015.

Signed:
5/11/2015 _____
PRESIDING JUDGE

1

NO. 01-15-00440-CV

In The First Court of Appeals of Texas

In Re Ernest R. Koonce, Relator

Original Proceeding from the 127th Judicial District of Harris

County, Texas

Cause No. 2010-64752

Supplemental Application for Writ of Mandamus

SWORN STATEMENT

THE STATE OF TEXAS,

COUNTY OF HARRIS

My name is Ernest Ray Koonce, I am over the age of 18, of sound mind and competent to make this declaration. If called upon to do so, I could and would testify to the following facts. I was born on January 22, 1941. I am a resident of Harris County, Texas. I have resided at 15938 Fleetwood Oaks Drive, Houston, Texas 77079 for the past 11 years.

I am the Relator in the above entitled case. The attached records are part of my litigation file for the past 8 years, which I have maintained in the regular course of this litigation.

Attached are 7 pages of records. These are the original records or exact duplicates of the original records.

The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth.

It is the regular practice of myself to make and/or maintain this type of record at or near the time of each act, event, condition, opinion, or diagnosis set forth in the record

The records were made by, or from information transmitted by, persons with knowledge of the matters set forth; and/or it is the regular practice of myself to maintain this type of record to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them

The records were kept in the course of regularly conducted business/litigation activity. It is in the regular practice of myself to keep this type of record in the regular course of the litigation for the past 8 years.

It has been my practice to maintain these records of the litigation activities and Wells Fargo's records.

These Appendices are to run in succession to the 19 Appendices in my Supplemental Mandamus.

Upon review of the sworn appendix filed with my Supplemental Petition for Writ of Mandamus, I noted an error was made. In Appendix 5, I incorrectly stated that the proceeding took place in state court, when in fact it was a federal court in which Wells Fargo had introduced the proceeding.

Continuing with the Supplemental Appendix, attached hereto as Appendix 19 is a true and correct copy of Wells Fargo's Responses to my Requests for Production.

Attached hereto as Appendix 20 is a true and correct Wells Fargo's Original Answer to my Original Petition in Cause No. 2007-30212.

Attached hereto as Appendix 21 is a true and correct copy of the Reporter's Record of a hearing held on August 12, 2012.

Attached hereto as Appendix 22 is a true and correct copy of the Reporter's Record of a hearing held on February 12, 2015.

Attached hereto as Appendix 23 is a true and correct copy of my Notification to the Court that a Ruling was Overdue.

Attached hereto as Appendix 24 is a true and correct copy of Judge Sandill's Order denying my Motion for Accelerated Appeal.

My name is Ernest Ray Koonce, my date of birth is January 22, 1941, and my address is 15938 Fleetwood Oaks Drive, Houston, Texas 77079, in Harris County, Texas, within the United States. I declare under penalty of perjury, under the laws of the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge.

Executed in the United States of America, in the County of Harris, State of Texas on this 14th day of December, 2015.

__/s/ Ernest Ray Koonce__
Ernest Ray Koonce
